IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES DEFENSE COUNCIL; CENTER FOR BIOLOGICAL DIVERSITY; CONSUMER FEDERATION OF AMERICA; MASSACHUSETTS UNION OF PUBLIC HOUSING TENANTS; PUBLIC CITIZEN; and SIERRA CLUB,

Plaintiffs,

v.

DAN BROUILLETTE, in his official capacity as the Secretary of the United States Department of Energy; and the UNITED STATES DEPARTMENT OF ENERGY,

Defendants.

Case No. 20-cv-9127
ECF Case

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. During the energy crisis of the 1970s, Congress recognized the risks of uncontrolled, inefficient energy use. In response, it tasked the U.S. Department of Energy with ensuring continued energy-efficiency improvements for consumer and commercial products—improvements that save consumers and businesses money while also reducing unnecessary electricity generation. This task remains as vital now as ever. But for the past four years, DOE has utterly abdicated its responsibility.

2. In the Energy Policy and Conservation Act (EPCA), Congress established a program to ensure that common consumer and commercial products that use large amounts of energy meet minimum energy conservation standards. EPCA directs DOE to meet specific timetables to periodically review and revise these standards to ensure that they are

set at the maximum level of energy efficiency that is technologically feasible and economically justified.

3. Over the past four years, DOE has missed EPCA deadlines for more than two dozen consumer and commercial products. These overdue products include energy-intensive home appliances such as furnaces, air conditioners, water heaters, dishwashers, and clothes dryers, as well as commercial equipment used by countless businesses, such as motors, walk-in coolers, and transformers. Additional significant, technologically feasible, and economically justified energy savings are available for these overdue products.

4. DOE's failure to comply with Congress's explicit deadlines for reviewing and revising energy conservation standards for the overdue products violates EPCA. DOE's foot-dragging results in greater—and avoidable—energy use, causing increased air pollution that harms public health and the environment, and higher energy bills for consumers and other users of the overdue products.

5. Plaintiffs bring this suit to end DOE's unlawful abdication of its duties and ask this Court to set an expeditious, enforceable schedule compelling DOE to comply with EPCA's requirements for the review and revision of energy conservation standards for the overdue products.

## PARTIES

Plaintiffs

6. Plaintiff Natural Resources Defense Council (NRDC) is a national, nonprofit environmental and public health organization with several hundred thousand members nationwide. NRDC engages in research, advocacy, media, and litigation related to protecting public health and the environment. One of NRDC's top priorities is to fight

climate change by cutting carbon emissions and building the clean energy economy. As part of this work, NRDC promotes the use of sustainable energy sources and energy efficiency to reduce greenhouse gas pollution, lower consumer energy bills, and minimize the adverse environmental impacts of electricity generation and fossil fuel production. NRDC has participated in the majority of DOE's rulemakings developing energy conservation standards for consumer products and commercial equipment.

7. Plaintiff Center for Biological Diversity is a national nonprofit organization with more than one million members and online activists who care about protecting the natural environment, including wildlife, from climate change and other environmental degradation. The Center uses scientific expertise and legal action to defend endangered species and educates the public on threats to wildlife and biodiversity. Among the Center's priorities are initiatives that advance the critical energy transition to clean and renewable energy.

8. Plaintiff Consumer Federation of America (CFA) is an association of more than 250 nonprofit consumer organizations established to advance the consumer interest through research, advocacy, and education. For more than twenty years, CFA has supported and advocated for cost-effective energy-efficiency policies, practices, and standards as they benefit consumers through lower energy bills and defer the need for additional energy supplies, which also helps to keep customers' utility rates down. CFA has participated in countless rulemakings, requests for information, and other proceedings involving DOE's energy conservation standards program for consumer products.

9. Plaintiff Massachusetts Union of Public Housing Tenants (MUPHT) is a membership organization that represents the interests of the tens of thousands of families

that reside in public housing in Massachusetts. The overwhelming majority of MUPHT's members live on annual incomes well below the median income in Massachusetts. For well over a decade, MUPHT has strongly supported strengthening energy conservation standards promulgated by DOE.

10. Plaintiff Public Citizen is a nonprofit consumer advocacy organization with members in all fifty states. It routinely appears before Congress, administrative agencies, and the courts to support the creation and enforcement of laws and regulations to protect consumers, workers, and the general public. Among other issues, Public Citizen fights for strong health, safety, and environmental protections.

11. Plaintiff Sierra Club is a national, nonprofit environmental organization with hundreds of thousands of members nationwide. Sierra Club's purposes include enhancing public health and the environment and practicing and promoting the responsible use of the Earth's ecosystems and resources. Energy efficiency is crucial to achieving Sierra Club's mission, and Sierra Club has a variety of initiatives designed to encourage businesses, individuals, and utilities to undertake energy conservation measures to reduce greenhouse gas pollution, lower consumer energy bills, and minimize the adverse environmental impacts of electricity generation and oil and natural gas production.

12. Plaintiffs bring this suit on their own behalf. Plaintiffs are organizations that use or own products with overdue standards and intend to replace those products in the near future. DOE's failure to meet EPCA's deadlines for the overdue products harms plaintiffs by restricting their opportunities to purchase the most energy-efficient versions of those products.

13. Plaintiffs also bring this suit on behalf of their members. Plaintiffs' members include consumers and business owners who use, or whose businesses use, products with overdue standards and intend to replace those products in the near future. DOE's failure to meet EPCA's deadlines for the overdue products harms these members by restricting their opportunities to purchase the most energy-efficient versions of those products.

14. Plaintiffs also have members who use, and pay for the energy consumed by, overdue products that are owned and maintained by a third party, like a landlord. These members are harmed by higher energy bills resulting from DOE's failure to meet EPCA's deadlines for the overdue products.

15. Plaintiff CFA's members include member organizations that represent individual consumers who use products with overdue standards and intend to replace those products in the near future. DOE's failure to meet EPCA's deadlines for the overdue products harms these consumers through higher energy bills and by restricting their opportunities to purchase the most energy-efficient versions of those products.

16. Plaintiffs also have members who live near power plants that burn fossil fuels and emit pollutants that harm public health and the environment. DOE's failure to meet EPCA's deadlines for the overdue products means consumers and businesses are using less efficient products that increase the demand for electricity generation and, consequently, emissions from fossil-fuel power plants. DOE's failure to meet EPCA's deadlines for the overdue products thus harms plaintiffs' members by increasing their exposure to pollutants emitted from nearby fossil-fuel power plants.

17. Plaintiffs also have members who live or own businesses in areas at risk of harm from severe weather events and other climate-related impacts, such as flooding, storm

surge, and sea-level rise. DOE's failure to meet EPCA's deadlines for the overdue products contributes to climate change by increasing the demand for fossil-fuel generated electricity and thus the emission of greenhouse gases from fossil-fuel power plants. DOE's failure to meet EPCA's deadlines for the overdue products thus harms plaintiffs' members by increasing the risk of physical and economic harm from severe weather events and other impacts related to climate change.

18. DOE's failure to meet EPCA's deadlines for the overdue products harms the consumer, environmental, economic, and health interests of plaintiffs and their members because it denies them the benefits of updated energy conservation standards for those products. Plaintiffs' and their members' injuries would be redressed by the requested relief requiring DOE to comply with its obligations to review and revise the standards for the overdue products.

Defendants

19. Defendant Dan Brouillette, Secretary of Energy, is the head of the Department of Energy and is responsible for administering EPCA, including the energy conservation standard provisions at issue in this case. Plaintiffs sue Secretary Brouillette in his official capacity.

20. Defendant U.S. Department of Energy is an agency of the United States. The Department of Energy is responsible for implementation of EPCA, including the energy conservation standard provisions at issue in this case. Defendants are referred to collectively in this Complaint as DOE.

## JURISDICTION AND VENUE

21. This Court has jurisdiction under 42 U.S.C. §§ 6305(a), 6316(a), 6316(b)(1), and 28 U.S.C. §§ 1331, 1361.

22. This Court has authority to issue declaratory relief under 28 U.S.C. §§ 2201(a), 2202.

23. This Court has authority to issue injunctive relief under 42 U.S.C. § 6305(a).

24. Venue is proper because plaintiffs bring this civil action against an agency of the United States and an officer and employee of the United States acting in his official capacity, plaintiff NRDC resides in this district, and no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1)(C).

25. To the extent sixty-days' written notice was required for any of the claims for relief in this Complaint, plaintiffs provided notice of all such claims in the form and manner required by EPCA. 42 U.S.C. § 6305(b)(2). A copy of plaintiffs' notice letter is attached as Exhibit A.

## FACTUAL, STATUTORY, AND REGULATORY BACKGROUND

Energy conservation standards protect consumers, public health, and the environment

26. Burning fossil fuels for energy causes a wide range of adverse environmental impacts, including emissions of air pollutants that threaten public health, harm plants and wildlife, and contribute to climate change. In the United States, power plants burn fossil fuels like coal and natural gas to generate electricity to power homes and businesses, while fossil fuels like fuel oil and natural gas are combusted directly in homes and businesses to power appliances.

27. Each year, huge amounts of electricity, fuel oil, and natural gas are wasted through inefficient usage by outdated consumer and commercial products. This waste harms consumers, ratepayers, public health, and the environment.

28. The development of cost-effective, technologically feasible energy-efficiency standards for consumer and commercial products reduces electricity, fuel oil, and natural gas demand and waste. By decreasing demand, up-to-date energy conservation standards reduce emissions of dangerous air pollutants and greenhouse gases associated with electricity generation and fossil fuel consumption in buildings.

29. Energy conservation standards also have important consumer benefits. Because energy-efficient products use less electricity, natural gas, and other fossil fuels, customers' energy bills are substantially reduced over the lifetime of the energy-efficient products they own or use.

30. Energy conservation standards also benefit consumers, particularly low-income consumers, by helping to address the "split incentive" problem experienced when the person who buys a product is not the person who will pay to operate it.

31. Split incentives are an important aspect of the housing rental market, where landlords have an economic incentive to buy the cheapest appliances, without regard to energy conservation, but the tenants pay the energy bills to operate those appliances. They are also an important aspect of the new home market, where home developers often have an incentive to buy the cheapest appliances, without regard to energy efficiency, while the home buyer will pay the higher energy bills that result. Strong energy-efficiency standards help ensure that tenants and home buyers are not stuck with unnecessarily high bills from operating inefficient appliances that someone else purchased.

32. Up-to-date energy conservation standards are particularly important for moderate- and low-income consumers. These consumers spend disproportionately more on energy bills than other income groups, and therefore benefit more from lower energy bills that result from more efficient appliances.

33. Energy conservation standards also help consumers by making energy-efficient products the norm, rather than the exception. Up-to-date standards ensure that consumers can find and purchase efficient products easily and will not have to pay a premium for them. Up-to-date standards also give consumers peace of mind to know any product they buy will meet minimum efficiency standards that are both cost-effective and reflective of current technological capability.

<u>EPCA requires DOE to regularly review and revise energy conservation standards</u>

34. Congress enacted EPCA in 1975 to reduce wasteful use of the nation's energy resources following the 1973 oil embargo. *See* Pub. L. No. 94-163, 89 Stat. 871 (1975) (codified at 42 U.S.C. §§ 6291-6309). EPCA's purposes include "conserv[ing] energy supplies through energy conservation programs" and improving the energy efficiency of major appliances. 42 U.S.C. § 6201(4), (5).

35. Under EPCA, DOE issues energy conservation standards for both consumer products, like furnaces, air conditioners, water heaters, dishwashers, and clothes dryers, as well as commercial equipment, such as motors, walk-in coolers, and transformers. EPCA's energy conservation program for consumer products is set forth at 42 U.S.C. §§ 6291-6309, while its program for commercial equipment is set forth at 42 U.S.C. §§ 6311-6317.

36. When DOE establishes or amends an energy conservation standard under EPCA, whether for a consumer or commercial product, the standard must be designed to

achieve the maximum improvement in energy efficiency that is technologically feasible and economically justified. 42 U.S.C. §§ 6295(o)(2)(A), 6316(a). The standard must also result in significant conservation of energy. *Id.* §§ 6295(o)(3)(B), 6316(a).

37. EPCA's energy conservation standards have been highly effective in improving our nation's energy efficiency, saving consumers money, and avoiding emissions of greenhouse gases and other air pollutants. DOE has estimated that, by 2030, the standards completed through 2016 will have saved more energy than the entire nation consumes in one year and will have cumulatively saved consumers more than $2 trillion on their utility bills. Reduced energy use also avoids emissions of harmful air pollutants: through 2030, standards completed through 2016 will cut emissions of more than 7.9 billion metric tons of carbon dioxide, more greenhouse gas emissions than the entire United States generates in a year.

38. The continued success of DOE's energy conservation program, however, depends on DOE's regular review and update of standards to keep pace with technological advances that can lead to further significant increases in energy efficiency and cost savings.

39. EPCA accordingly imposes strict deadlines requiring DOE to regularly review and amend its energy conservation standards. 42 U.S.C. §§ 6295(m)(1), (3), 6313(a)(6)(C)(i), (iii). Further, EPCA imposes an "anti-backsliding" prohibition, which prevents DOE from prescribing any amended standard that decreases the minimum required energy efficiency for a product. *Id.* §§ 6295(o)(1), 6313(a)(6)(B)(iii)(I).

40. EPCA empowers private parties to sue to enforce its deadlines for energy conservation standards. Under EPCA, "any person may commence a civil action" against any federal agency "where there is an alleged failure of such agency to perform any act or

duty under [EPCA] which is not discretionary," *id.* § 6305(a)(2), or against the Secretary of Energy where "there is an alleged failure of the Secretary to comply with a nondiscretionary duty to issue a proposed or final rule according to the schedules set forth in [EPCA] section 6295," *id.* § 6305(a)(3). EPCA requires that courts expedite disposition of actions brought under section 6305(a)(3), and, for claims brought to enforce deadlines under section 6295, authorizes courts to order relief that will ensure the Secretary's compliance with not only missed deadlines but also future deadlines for those same overdue products. *Id.* § 6305(a).

41. EPCA's private enforcement provisions, *id.*, also apply to DOE's statutory duties to review and revise energy conservation standards for the commercial equipment at issue in this case. *Id.* § 6316(a), (b)(1). For commercial equipment, any reference in the private enforcement provisions to deadlines under section 6295 is deemed a reference to deadlines under section 6313. *Id.* § 6316(a)(1), (b)(1).

DOE's prolonged failure to comply with EPCA's energy conservation standard deadlines

42. Despite Congress's explicit directives requiring DOE to regularly review and revise its energy conservation standards, DOE has failed to meet statutory deadlines with respect to more than two dozen consumer and commercial products over the past four years.

43. Updated energy conservation standards for the overdue products would, by 2035, save U.S. consumers and businesses more than $22 billion per year, while preventing more than 75 million metric tons of carbon pollution annually.

A. Consumer products

44. For consumer products, EPCA requires DOE to review the energy conservation standards for each covered product every six years and either make a

determination that no amendments are needed or else propose amended standards. 42 U.S.C. § 6295(m)(1). DOE may refuse to amend standards for a covered product only if amended standards will not result in significant conservation of energy, are not technologically feasible, or are not cost effective. *Id.* § 6295(m)(1)(A), (n)(2), (o)(2)(B)(i)(II). If DOE cannot reach one of those conclusions, it must propose amended standards "designed to achieve the maximum improvement in energy efficiency" that is "technologically feasible and economically justified." *Id.* § 6295(m)(1)(B), (o)(2)(A).

45. Once DOE proposes to amend the energy conservation standards for a covered product, it must publish final amended standards within two years. *Id.* §§ 6295(m)(3)(A). Conversely, if DOE issues a determination not to amend, it must review the standard for that product again within three years. *Id.* § 6295(m)(3)(B).

46. For certain consumer products, EPCA also imposes specific date-certain deadlines for DOE to issue final rules related to updating the current standards. *E.g.*, *id.* § 6295(hh)(3) (metal halide lamp fixtures).

47. Since 2016, DOE has missed its EPCA deadlines to review energy conservation standards for ten consumer products under 42 U.S.C. § 6295(m)(1): pool heaters; water heaters; clothes dryers; room air conditioners; oil furnaces and weatherized gas furnaces; refrigerators and freezers; fluorescent lamp ballasts; clothes washers; microwave ovens; and furnace fans.

48. Since 2016, DOE has missed its EPCA deadlines to review energy conservation standards for two consumer products under 42 U.S.C. § 6295(m)(3): direct heating equipment and dishwashers.

49. Since 2016, DOE has missed its EPCA deadlines to issue final rules for energy conservation standards for three consumer products: non-weatherized and mobile home gas furnaces; conventional cooking products; and metal halide lamp fixtures.

B. Commercial equipment

50. EPCA imposes a similar review requirement for commercial equipment. DOE must review the energy conservation standards for each class of covered equipment every six years and either make a determination that no amendments are needed or else propose amended standards. 42 U.S.C. § 6313(a)(6)(C)(i). DOE may refuse to amend standards for a product only if amended standards will not result in significant additional conservation of energy, are not technologically feasible, or are not economically justified. *See id.* §§ 6313(a)(6)(A)(ii)(II), (C)(i)(I). If DOE cannot reach one of those conclusions, it must propose amended standards. *Id.* § 6313(a)(6)(C)(i)(II).

51. Once DOE proposes to amend the energy conservation standards for a product, it must publish final amended standards within two years. *Id.* § 6313(a)(6)(C)(iii)(I). Conversely, if DOE issues a determination not to amend, it must review the standards for that product again within three years. *Id.* § 6313(a)(6)(C)(iii)(II).

52. For certain commercial equipment categories, EPCA also imposes specific date-certain deadlines for DOE to issue final rules related to updating the current standards. *E.g.*, *id.* § 6313(f)(5) (walk-in coolers and freezers).

53. EPCA also requires that when the American Society of Heating, Refrigerating, and Air-conditioning Engineers (ASHRAE) updates its Standard 90.1 for certain commercial products, DOE must establish a uniform national standard for any such product either at a level equivalent to the ASHRAE standard within 18 months, *see id.*

§ 6313(a)(6)(A)(ii)(I), or at a level that is more stringent than the ASHRAE standard within 30 months, *id.* § 6313(a)(6)(B)(i).

54. Since 2016, DOE has missed its EPCA deadlines to review energy conservation standards for four commercial products under 42 U.S.C. § 6313(a)(6)(C)(i): small electric motors; water-cooled and evaporatively-cooled commercial air conditioners and heat pumps; distribution transformers; and electric motors.

55. Since 2016, DOE has missed its EPCA deadlines to issue final rules for energy conservation standards for three commercial products: commercial water heaters; walk-in coolers and freezers; and commercial refrigeration equipment.

56. Since 2016, DOE has missed its EPCA deadlines to keep up with, or surpass, the ASHRAE Standard 90.1 as required by EPCA for three products: dedicated outdoor air systems; computer room air conditioners; and variable refrigerant flow air conditioners and heat pumps.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Small Electric Motors)

57. Plaintiffs incorporate by reference paragraphs 1 through 56.

58. Small electric motors are general purpose motors that are not used as components of products already covered under EPCA.

59. DOE set energy conservation standards for small electric motors on March 9, 2010. 75 Fed. Reg. 10,874 (Mar. 9, 2010).

60. Under 42 U.S.C. § 6313(a)(6)(C)(i), DOE was required, no later than March 9, 2016, to review the standards for small electric motors and either propose amended standards or make a determination that amendments were not necessary.

61. DOE missed that deadline, which is now more than four years overdue.

62. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**SECOND CLAIM FOR RELIEF**

(Pool Heaters)

63. Plaintiffs incorporate by reference paragraphs 1 through 56.

64. Pool heaters are consumer products designed to heat water in swimming pools, spas, and hot tubs.

65. DOE last amended the energy conservation standards for pool heaters on April 16, 2010. 75 Fed. Reg. 20,112 (Apr. 16, 2010).

66. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than April 16, 2016, to review the pool heater standards and publish a final rule that either amended the standards or determined that amendments were not necessary.

67. DOE missed that deadline, which is now more than four years overdue.

68. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**THIRD CLAIM FOR RELIEF**

(Residential Water Heaters)

69. Plaintiffs incorporate by reference paragraphs 1 through 56.

70. Residential water heaters are products that use oil, gas, or electricity to heat potable water for use outside of the product itself.

71. DOE last amended the energy conservation standards for residential water heaters on April 16, 2010. 75 Fed. Reg. 20,112 (Apr. 16, 2010).

72. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than April 16, 2016, to review the water heater standards and either propose amended standards or make a determination that amendments were not necessary.

73. DOE missed that deadline, which is now more than four years overdue.

74. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**FOURTH CLAIM FOR RELIEF**

(Residential Clothes Dryers)

75. Plaintiffs incorporate by reference paragraphs 1 through 56.

76. DOE last amended the energy conservation standards for residential clothes dryers on April 21, 2011. 76 Fed. Reg. 22,454 (Apr. 21, 2011).

77. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than April 21, 2017, to review the clothes dryer standards and either propose amended standards or make a determination that amendments were not necessary.

78. DOE missed that deadline, which is now more than three years overdue.

79. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**FIFTH CLAIM FOR RELIEF**

(Room Air Conditioners)

80. Plaintiffs incorporate by reference paragraphs 1 through 56.

81. Room air conditioners are products that are mounted in a window or through a wall for the purpose of providing refrigeration, and potentially heating and ventilation, to a room.

82. DOE last amended the energy conservation standards for room air conditioners on April 21, 2011. 76 Fed. Reg. 22,454 (Apr. 21, 2011).

83. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than April 21, 2017, to review the room air conditioner standards and either propose amended standards or make a determination that amendments were not necessary.

84. DOE missed that deadline, which is now more than three years overdue.

85. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**SIXTH CLAIM FOR RELIEF**

(Oil Furnaces and Weatherized Gas Furnaces)

86. Plaintiffs incorporate by reference paragraphs 1 through 56.

87. Residential oil furnaces are products that use heating oil to generate heat and are designed to be the primary heating source for a home. "Weatherized" furnaces are furnaces that are intended to be installed outdoors.

88. DOE last amended the energy conservation standards for oil furnaces and weatherized gas furnaces on June 27, 2011. 76 Fed. Reg. 37,408 (June 27, 2011).

89. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than June 27, 2017, to review the oil furnace and weatherized gas furnace standards and either propose amended standards or make a determination that amendments were not necessary.

90. DOE missed that deadline, which is now more than three years overdue.

91. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**SEVENTH CLAIM FOR RELIEF**

(Residential Refrigerators and Freezers)

92. Plaintiffs incorporate by reference paragraphs 1 through 56.

93. DOE last amended the energy conservation standards for residential refrigerators and freezers on September 15, 2011. 76 Fed. Reg. 57,516 (Sept. 15, 2011).

94. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than September 15, 2017, to review the residential refrigerator and freezer standards and either propose amended standards or make a determination that amendments were not necessary.

95. DOE missed that deadline, which is now more than three years overdue.

96. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**EIGHTH CLAIM FOR RELIEF**

(Fluorescent Lamp Ballasts)

97. Plaintiffs incorporate by reference paragraphs 1 through 56.

98. Fluorescent lamp ballasts are devices that provide the voltage and current to operate fluorescent light bulbs.

99. DOE last amended the energy conservation standards for fluorescent lamp ballasts on November 14, 2011. 76 Fed. Reg. 70,548 (Nov. 14, 2011).

100. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than November 14, 2017, to review the fluorescent lamp ballast standards and either propose amended standards or make a determination that amendments were not necessary.

101. DOE missed that deadline, which is nearly three years overdue.

102. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**NINTH CLAIM FOR RELIEF**

(Water-cooled and Evaporatively-cooled Commercial Air Conditioners)

103. Plaintiffs incorporate by reference paragraphs 1 through 56.

104. Water-cooled commercial air conditioners are air conditioners that use a circuit of water to remove heat from condenser coils. Evaporatively-cooled commercial air conditioners are air conditioners that remove heat from their condenser coils by evaporating water.

105. DOE last amended the energy conservation standards for water-cooled and evaporatively-cooled commercial air conditioners on May 16, 2012. 77 Fed. Reg. 28,928 (May 16, 2012).

106. Under 42 U.S.C. § 6313(a)(6)(C)(i), DOE was required, no later than May 16, 2018, to review the water-cooled and evaporatively-cooled commercial air conditioner standards and either propose amended standards or make a determination that amendments were not necessary.

107. DOE missed that deadline, which is now more than two years overdue.

108. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**TENTH CLAIM FOR RELIEF**

(Residential Clothes Washers)

109. Plaintiffs incorporate by reference paragraphs 1 through 56.

110. DOE last amended the energy conservation standards for residential clothes washers on May 31, 2012. 77 Fed. Reg. 32,308 (May 31, 2012).

111. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than May 31, 2018, to review the residential clothes washer standards and either propose amended standards or make a determination that amendments were not necessary.

112. DOE missed that deadline, which is now more than two years overdue.

113. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**ELEVENTH CLAIM FOR RELIEF**

(Distribution Transformers)

114. Plaintiffs incorporate by reference paragraphs 1 through 56.

115. Distribution transformers are devices that receive power from electricity distribution lines and reduce the voltage of the current to a level usable in homes and businesses.

116. DOE last amended the energy conservation standards for distribution transformers on April 18, 2013. 78 Fed. Reg. 23,336 (Apr. 18, 2013).

117. Under 42 U.S.C. §§ 6313(a)(6)(C)(i) and 6295(m)(1), DOE was required, no later than April 18, 2019, to review the distribution transformer standards and either propose amended standards or make a determination that amendments were not necessary.

118. DOE missed that deadline, which is now more than a year overdue.

119. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**TWELFTH CLAIM FOR RELIEF**

(Microwave Ovens)

120. Plaintiffs incorporate by reference paragraphs 1 through 56.

121. DOE last amended the energy conservation standards for microwaves on June 17, 2013. 78 Fed. Reg. 36,316 (June 17, 2013).

122. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than June 17, 2019, to review the microwave standards and either propose amended standards or make a determination that amendments were not necessary.

123. DOE missed that deadline, which is now more than a year overdue.

124. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**THIRTEENTH CLAIM FOR RELIEF**

(Direct Heating Equipment)

125. Plaintiffs incorporate by reference paragraphs 1 through 56.

126. Direct heating equipment refers to products that provide heat to a room in the home directly, rather than by distributing it through vents.

127. DOE last reviewed the energy conservation standards for direct heating equipment on October 17, 2016, and determined not to amend them. 81 Fed. Reg. 71,325 (Oct. 17, 2016).

128. Under 42 U.S.C. § 6295(m)(3)(B), DOE was required, no later than October 17, 2019, to review the standards for direct heating equipment and either propose amended standards or make a determination that amendments were not necessary.

129. DOE missed that deadline, which is now more than a year overdue.

130. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**FOURTEENTH CLAIM FOR RELIEF**

(Residential Dishwashers)

131. Plaintiffs incorporate by reference paragraphs 1 through 56.

132. DOE last reviewed the energy conservation standards for dishwashers on December 13, 2016, and determined not to amend them. 81 Fed. Reg. 90,072 (Dec. 13, 2016).

133. Under 42 U.S.C. § 6295(m)(3)(B), DOE was required, no later than December 13, 2019, to review the standards for residential dishwashers and either propose amended standards or make a determination that amendments were not necessary.

134. DOE missed that deadline, which is nearly a year overdue.

135. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**FIFTEENTH CLAIM FOR RELIEF**

(Electric Motors)

136. Plaintiffs incorporate by reference paragraphs 1 through 56.

137. Electric motors are mechanical devices, not including separately defined "small electric motors," that convert electricity into rotational movement.

138. DOE last amended the energy conservation standards for electric motors on May 29, 2014. 79 Fed. Reg. 30,934 (May 29, 2014).

139. Under 42 U.S.C. § 6313(a)(6)(C)(i), DOE was required, no later than May 29, 2020, to review the electric motor standards and either propose amended standards or make a determination that amendments were not necessary.

140. DOE missed that deadline.

141. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**SIXTEENTH CLAIM FOR RELIEF**

(Furnace Fans)

142. Plaintiffs incorporate by reference paragraphs 1 through 56.

143. Furnace fans are electrically powered devices used in consumer products to circulate air through ducts.

144. DOE last amended the energy conservation standards for furnace fans on July 3, 2014. 79 Fed. Reg. 38,130 (July 3, 2014).

145. Under 42 U.S.C. § 6295(m)(1), DOE was required, no later than July 3, 2020, to review the furnace fan standards and either propose amended standards or make a determination that amendments were not necessary.

146. DOE missed that deadline.

147. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty in violation of EPCA. 42 U.S.C. § 6305(a)(2).

**SEVENTEENTH CLAIM FOR RELIEF**

(Non-weatherized and Mobile Home Gas Furnaces)

148. Plaintiffs incorporate by reference paragraphs 1 through 56.

149. Non-weatherized furnaces are furnaces designed for placement indoors and that use a grille or duct to transport air to the interior of the furnace for the purpose of combustion. Mobile home furnaces are furnaces designed exclusively for use in mobile homes.

150. DOE proposed amended energy conservation standards for non-weatherized and mobile home gas furnace products on March 12, 2015. 80 Fed. Reg. 13,120 (Mar. 12, 2015).

151. Under 42 U.S.C. § 6295(m)(3)(A), DOE was required, no later than March 12, 2017, to publish final amended standards for non-weatherized and mobile home gas furnace products.

152. DOE missed that deadline, which is now more than three years overdue.

153. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6925, *id.* § 6305(a)(3), both in violation of EPCA.

**EIGHTEENTH CLAIM FOR RELIEF**

(Conventional Cooking Products)

154. Plaintiffs incorporate by reference paragraphs 1 through 56.

155. Conventional cooking products, often shortened to "cooking products," are electric and gas cooking tops and ovens.

156. DOE proposed amended energy conservation standards for cooking products on June 10, 2015. 80 Fed. Reg. 33,030 (June 10, 2015).

157. Under 42 U.S.C. § 6295(m)(3)(A), DOE was required, no later than June 10, 2017, to publish final amended standards for cooking products.

158. DOE missed that deadline, which is now more than three years overdue.

159. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6925, *id.* § 6305(a)(3), both in violation of EPCA.

**NINETEENTH CLAIM FOR RELIEF**

(Commercial Water Heaters)

160. Plaintiffs incorporate by reference paragraphs 1 through 56.

161. Commercial water heaters are commercial and industrial equipment that heat potable water for purposes other than space heating.

162. DOE proposed amended energy conservation standards for commercial water heaters on May 31, 2016. 81 Fed. Reg. 34,440 (May 31, 2016).

163. Under 42 U.S.C. § 6313(a)(6)(C)(iii)(I), DOE was required, no later than May 31, 2018, to publish final amended standards for commercial water heaters.

164. DOE missed that deadline, which is now more than two years overdue.

165. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to

issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(b)(1), both in violation of EPCA.

**TWENTIETH CLAIM FOR RELIEF**

(Metal Halide Lamp Fixtures)

166. Plaintiffs incorporate by reference paragraphs 1 through 56.

167. Metal halide lamp fixtures are light fixtures for general illumination that are designed to use metal halide light bulbs and metal halide lamp ballasts. Metal halide light bulbs are high-intensity discharge lamps that produce light by passing an electric current through a metal halide vapor, and metal halide ballasts are equipment used to start and operate metal halide bulbs.

168. EPCA required DOE to "publish a final rule" no later than January 1, 2019 to determine whether the energy conservation standards for metal halide lamp fixtures should be amended. 42 U.S.C. § 6295(hh)(3).

169. DOE missed that deadline, which is nearly two years overdue.

170. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6925, *id.* § 6305(a)(3), both in violation of EPCA.

**TWENTY-FIRST CLAIM FOR RELIEF**

(Walk-in Coolers and Freezers)

171. Plaintiffs incorporate by reference paragraphs 1 through 56.

172. Walk-in coolers and freezers are enclosed, refrigerated spaces, less than 3,000 square feet in area, that can be walked into and which maintain temperatures above and below freezing, respectively.

173. EPCA required DOE, no later than January 1, 2020, to publish a final rule determining whether the energy conservation standards for walk-in coolers and freezers should be amended. 42 U.S.C. § 6313(f)(5).

174. DOE missed that deadline, which is nearly a year overdue.

175. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(a), both in violation of EPCA.

**TWENTY-SECOND CLAIM FOR RELIEF**

(Commercial Refrigeration Equipment)

176. Plaintiffs incorporate by reference paragraphs 1 through 56.

177. Commercial refrigeration equipment are refrigerators and freezers used in restaurants, grocery stores, and similar applications.

178. DOE last amended the energy conservation standards for commercial refrigeration equipment on March 28, 2014, and set a compliance deadline for those standards of March 27, 2017. 79 Fed. Reg. 17,726 (Mar. 28, 2014).

179. Under 42 U.S.C. § 6313(c)(6)(B), DOE was required to issue a final rule determining whether to update its commercial refrigeration equipment standards no later than March 27, 2020.

180. DOE missed that deadline.

181. DOE's missed deadline constitutes a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(a), 6316(e), both in violation of EPCA.

**TWENTY-THIRD CLAIM FOR RELIEF**

(Dedicated Outdoor Air Systems)

182. Plaintiffs incorporate by reference paragraphs 1 through 56.

183. Dedicated outdoor air systems take air from outdoors, heat or cool it as necessary to meet the needs of a building, then supply it to an indoor space. They differ from more traditional commercial-scale heating and cooling equipment primarily through the increased ventilation that results from increased use of outside air.

184. DOE has not issued energy conservation standards for dedicated outdoor air systems.

185. ASHRAE amended Standard 90.1 on October 26, 2016, adding standards for dedicated outdoor air systems. By DOE's admission, this triggered DOE's ASHRAE 90.1 obligations under EPCA with respect to dedicated outdoor air systems. 84 Fed. Reg. 48,006, 48,010 (Sept. 11, 2019).

186. Because ASHRAE Standard 90.1 was updated with respect to dedicated outdoor air systems on October 26, 2016, DOE was required either to establish EPCA energy conservation standards for dedicated outdoor air systems that were equivalent to the ASHRAE standard by April 26, 2018, *see* 42 U.S.C. § 6313(a)(6)(A)(ii)(I), or to adopt more stringent standards by April 26, 2019, *id.* § 6313(a)(6)(B)(i).

187. DOE missed both deadlines, which are now more than two and one years overdue, respectively.

188. DOE's missed deadlines constitute a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to

issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(b)(1), both in violation of EPCA.

**TWENTY-FOURTH CLAIM FOR RELIEF**

(Computer Room Air Conditioners)

189. Plaintiffs incorporate by reference paragraphs 1 through 56.

190. Computer room air conditioners are products used to cool information technology applications such as data processing rooms.

191. DOE updated the energy conservation standards for computer room air conditioners on May 16, 2012. *See* 77 Fed. Reg. 28,928 (May 16, 2012).

192. ASHRAE Standard 90.1 was amended with respect to many classes of computer room air conditioners on October 26, 2016. DOE was required either to amend the EPCA energy conservation standards for these classes of computer room air conditioners to be equivalent to the ASHRAE standard by April 26, 2018, *see* 42 U.S.C. § 6313(a)(6)(A)(ii)(I), or to adopt a more stringent standard by April 26, 2019, *id.* § 6313(a)(6)(B)(i).

193. For those classes of computer room air conditioners not addressed in the October 2016 ASHRAE 90.1 updates, DOE was required to review the standards no later than May 16, 2018. 42 U.S.C. § 6313(a)(6)(C)(i).

194. DOE missed all of these deadlines.

195. DOE's missed deadlines constitute a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(b)(1), both in violation of EPCA.

**TWENTY-FIFTH CLAIM FOR RELIEF**

(Variable Refrigerant Flow Air Conditioners and Heat Pumps)

196. Plaintiffs incorporate by reference paragraphs 1 through 56.

197. Variable refrigerant flow air conditioners and heat pumps (VRFs) are commercial-scale cooling and heating equipment. Rather than the single speed compressor used by traditional air conditioners and heat pumps, VRFs have compressors that operate at three or more steps, which allows them to modulate output to match the need of an indoor space. These products have multiple indoor units, each with its own thermostat to meet the heating or cooling demands of individual spaces.

198. DOE updated the energy conservation standards for VRFs on May 16, 2012. *See* 77 Fed. Reg. 28,928 (May 16, 2012).

199. ASHRAE Standard 90.1 was amended with respect to many classes of VRFs on October 26, 2016. DOE was required either to amend the EPCA energy conservation standards for these classes of VRFs to be equivalent to the ASHRAE standard by April 26, 2018, *see* 42 U.S.C. § 6313(a)(6)(A)(ii)(I), or to adopt a more stringent standard by April 26, 2019, *id.* § 6313(a)(6)(B)(i).

200. For those classes of VRFs not addressed in the October 2016 ASHRAE 90.1 updates, DOE was required to review the standards no later than May 16, 2018. 42 U.S.C. § 6313(a)(6)(C)(i).

201. DOE missed all of these deadlines.

202. DOE's missed deadlines constitute a failure to perform a nondiscretionary act or duty, 42 U.S.C. § 6305(a)(2), and a failure to comply with a nondiscretionary duty to

issue a final rule under section 6313, *id.* §§ 6305(a)(3), 6316(b)(1), both in violation of EPCA.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request that the Court issue judgment against DOE:

A. Declaring that DOE's failure to comply with its nondiscretionary duties under EPCA with respect to the review and revision of energy conservation standards for the overdue products violates EPCA as described above;

B. Compelling DOE to promptly initiate rulemakings and complete reviews and revisions of energy conservation standards for overdue products, as described above, by Court-imposed deadlines;

C. Setting a judicially enforceable schedule to "ensure [DOE's] compliance with future deadlines" under EPCA sections 6295 and 6313 for the review and revision of energy conservation standards for the overdue products, as provided for in 42 U.S.C. § 6305(a);

D. Retaining jurisdiction over this action to monitor and ensure compliance with all Court-ordered deadlines;

E. Awarding Plaintiffs the costs of litigation, including reasonable attorneys' fees;

F. Granting such other relief as the Court deems just and equitable.

Dated: October 30, 2020

Respectfully submitted,

*/s/ Jared E. Knicley*

Jared E. Knicley, *pro hac vice* pending
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
T: (202) 513-6242

F: (415) 795-4799
jknicley@nrdc.org

*Counsel for Plaintiffs Natural Resources Defense Council and Public Citizen*

*/s/ Timothy Ballo (with permission)*
Timothy Ballo, *pro hac vice* pending
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
T: (202) 745-5209
tballo@earthjustice.org

*Counsel for Plaintiffs Center for Biological Diversity, Consumer Federation of America, Massachusetts Union of Public Housing Tenants, and Sierra Club*