Kevin N. Ainsworth
Evelyn A. French (admission *pro hac vice* forthcoming)
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, P.C.
Chrysler Center – 666 Third Avenue
New York, NY 10017
Telephone: (212) 692-6745
Email: kainsworth@mintz.com
*Attorneys for Plaintiff-Intervenors*
*Association of Home Appliance Manufacturers and*
*Air-Conditioning, Heating & Refrigeration Institute*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, CONSUMER FEDERATION OF AMERICA, MASSACHUSETTS UNION OF PUBLIC HOUSING TENANTS, PUBLIC CITIZEN, and SIERRA CLUB, | CIVIL ACTION No.: 20-cv-9127 [Related to 20-cv-9362] |
| *Plaintiffs,* | |
| *and* | |
| ASSOCIATION OF HOME APPLIANCE MANUFACTURERS, and AIR-CONDITIONING, HEATING & REFRIGERATION INSTITUTE, | **COMPLAINT IN INTERVENTION BY ASSOCIATION OF HOME APPLIANCE MANUFACTURERS and AIR-CONDITIONING, HEATING AND REFRIGERATION INSTITUTE** |
| *Plaintiff-Intervenors,* | |
| v. | |
| JENNIFER M. GRANHOLM, as SECRETARY OF THE UNITED STATES DEPARTMENT OF ENERGY, and UNITED STATES DEPARTMENT OF ENERGY, | |
| *Defendants* | |

As and for their Complaint in Intervention, Association of Home Appliance Manufacturers ("AHAM") and Air-Conditioning, Heating & Refrigeration Institute ("AHRI") (collectively "Plaintiff-Intervenors") allege as follows:

## INTRODUCTION

1.      Plaintiff-Intervenors are trade associations whose members manufacture and distribute for sale various appliances, air conditioning and heating and other equipment, which are regulated by energy-efficiency standards promulgated by the United States Department of Energy ("DOE") pursuant to Subchapter III of the Energy Policy and Conversation Act ("EPCA" or "the Act"), 42 U.S.C. §§ 6291-6317.

2.      EPCA establishes the timing of DOE's cycles for reviewing and setting new energy efficiency standards or determining that no change is needed. For several years, the DOE has failed to meet statutory deadlines with regard to certain appliances and/or equipment that are manufactured by members of Plaintiff-Intervenors.

3.      This Court is empowered to remedy DOE's lapses by granting a declaratory judgment pursuant to 28 U.S.C. § 2201(a) stating that DOE violated its mandatory duty to commence the relevant rulemaking determinations concerning the energy-efficiency standards that are the subject of the Plaintiff-Intervenors' claims. Additionally, this Court is empowered to issue a writ of mandamus to compel DOE to commence the rulemaking process.

4.      The members of Plaintiff-Intervenors have an interest in the rulemaking schedules. Changes in the substance and timing of energy-efficiency standards require planning, investments, and redesigning the affected equipment and appliances. Changing product standards can thus pose significant research and development, engineering, and economic challenges for regulated companies. Sufficient advanced notice, certainty, and

rationality of changes in energy-efficiency standards thus serves the interests of the regulated industries and the public. Congress recognized that manufacturers of equipment and appliances need sufficient advance notice of changes in regulatory standards for the purpose of engaging in rational product planning. EPCA's timing provisions allow for such planning.

5.      Congress also mandated that any new energy conservation standard prescribed by DOE must be "designed achieve the maximum improvement in energy efficiency … which the Secretary determines is *technologically feasible and economically justified*." 42 U.S.C. §6295(o)(2)(A) (emphasis added). The regulated industry, therefore, has an interest in determining what is technologically feasible and what is economically justified.

6.      Plaintiff-Intervenors have an interest in shaping the remedy to be granted here. Specifically, Plaintiff-Intervenors seek a rulemaking schedule that is (a) reasonable for DOE to meet, (b) will allow adequate time for the agency to develop well-informed subsequent rulemaking by soliciting the information it needs from regulated industry, and (c) will adequately consider the regulated industries' lead-time, planning, and investment-recoupment factors inherent in EPCA. *See NRDC v. Herrington*, 768 F.2d 1355, 1398 & n. 42 (D.C. Cir. 1985) (recognizing that Congress acted to grant reasonable lead time for manufacturers to comply with energy-efficiency standards); *see id.* at 1419-25 (discussing investment by manufacturers and allowing DOE to consider economic opportunity costs); 42 U.S.C. § 6295(o)(2)(B)(i) (laying out the criterion for economic justifiability).

## JURISDICTION, NOTICE, AND VENUE

7.      This Court has jurisdiction over the matters raised in this Complaint in Intervention pursuant to 42 U.S.C. § 6305(a) (citizen suit provision); 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), 1346(a)(2) (civil action against the United States).

8.      DOE's failure to comply with EPCA's deadlines is subject to judicial review, and a civil action for such purpose can be commenced by "any person," including Plaintiffs and Plaintiff-Intervenors. 42 U.S.C. § 6305(a)(2), (3).

9.      To the extent notice is required with respect to any of the claims herein, the notice requirement has been met.

   a.   On August 10, 2020, Plaintiffs sent to the DOE Secretary, with a copy to the Federal Trade Commission (FTC), a 60-day notice of intent to sue, based on DOE's failure to comply with its non-discretionary duty to meet specified deadlines for reviewing and updating efficiency standards for certain consumer and commercial product categories.

   b.   Also, on August 10, 2020 and November 12, 2020, the plaintiffs in a related action pending in this court sent 60-day notices of intent to sue for violations of the EPCA.

   c.   Those 60-day notices addressed the DOE failures that are the subjects of Plaintiff-Intervenors' claims.

   d.   More than 60 days have passed since the 60-day notices were sent.

   e.   DOE has yet to fulfill its mandatory obligations identified in the two notices.

   f.   As a matter of law, as long as the Plaintiffs remain in this suit, the Plaintiff-Intervenors do not separately have to comply with any citizen suit notice provisions that may be applicable. *See, e.g.*, Oregon Natural Desert Ass'n v. Thomas, 940 F. Supp. 1534 (D. Oreg. 1996) ("In this case, plaintiffs gave notice … while the plaintiff-intervenors did not. In *Lykins v. Westinghouse Elec. Corp.*, 27 E.R.C. 1590, 1599, 1988 U.S. Dist. LEXIS 3609 (E.D. Ky. 1988), the

court held that [] an intervenor did not have to provide separate notice under the [Clean Water Act's citizen suit provision]…. Accordingly, the court concludes that the plaintiffs provided adequate notice."). This approach to citizen suit notice also mirrors the Second Circuit's approach holding that intervenors need not separately demonstrate standing—i.e., the case is maintainable as long as the original plaintiffs remain in the case and they have shown standing. *See United States Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978).

10.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(e) because Defendants are an officer and an agency of the United States, Plaintiff NRDC resides in this district, and no real property is involved in the action.

## THE PARTIES

**A. Plaintiffs**

11.  Upon information and belief, Natural Resources Defense Council is a national nonprofit environmental and public health organization with members nationwide.

12.  Upon information and belief, Center for Biological Diversity is a national nonprofit environmental organization with members nationwide.

13.  Upon information and belief, Consumer Federation of America is an association of more than 250 nonprofit consumer organizations established to advance the consumer interest.

14.  Upon information and belief, Massachusetts Union of Public Housing Tenants is a nonprofit organization that represents the interests of the families that reside in public housing in Massachusetts.

15.  Upon information and belief, Public Citizen is a national nonprofit environmental organization with members nationwide.

16.     Upon information and belief, Sierra Club is a national nonprofit environmental organization with members nationwide.

**B.  Plaintiff-Intervenors**

17.     AHAM is an Illinois not-for-profit corporation headquartered in Washington, D.C. AHAM's members include manufacturers of major, portable, and floor care home appliances, and suppliers to the industry. AHAM's members produce more than 95% of the household appliances shipped for sale within the U.S. As an accredited standards-development organization, AHAM develops and maintains voluntary performance standards that are recognized by regulatory agencies, including the U.S. Department of Energy, and represents the interests of its members during the development of standards by outside organizations. AHAM has been integrally involved in every rulemaking for over 30 years relating to its members' products, as well as more general rule makings that affect those products.

a.   The members of AHAM's Major Appliance Division are listed in Exhibit A to this Complaint in Intervention and include, for example, AB Electrolux of Sweden, General Electric, Midea Group, Sub-Zero Group Inc., and Whirlpool Corporation. AHAM members produce the vast majority of products manufactured, imported, and sold in this country in every one of the categories listed in the following Claims for Relief stated below: Fourth, Fifth, Seventh, Tenth, Twelfth, Thirteenth, Fourteenth, and Eighteenth.

b.   AHAM has numerous member companies that would be impacted by the schedule and regulatory action that the Plaintiffs' Complaint seeks to induce. The schedule and any other equitable relief the court may impose will affect

5

the shifting of resources to the rulemaking and future planning, redesign, and investment.

18.     AHRI is a Virginia not-for-profit corporation headquartered in Arlington, Virginia. AHRI is the national trade association representing manufacturers of more than 90 percent of North American-product central air conditioning, heating, water heating, and commercial refrigeration equipment. One of AHRI's most important functions is developing and publishing technical standards for industry products, including establishing rating criteria and procedures for measuring and certifying product performance. In performing this function, AHRI has set numerous performance standards for energy efficiency. AHRI has been integrally involved in every rulemaking since the 1970s relating to its members' products, as well as more general rule makings that affect those products.

a.     A representative list of AHRI's members is in Exhibit B to this Complaint in Intervention; they include, for example, Carrier Corporation, Emerson Commercial and Residential Solutions, Fasco Industries, Inc., and Trane Technologies. AHRI members produce the vast majority of products manufactured, imported, and sold in this country in every one of the categories listed in the following Claims for Relief stated below: Second, Third, Sixth, Ninth, Thirteenth, Fifteenth, Sixteenth, Seventeenth, Nineteenth, and Twenty-First through Twenty-Fifth.

b.     AHRI has numerous member companies that would be impacted by the schedule and regulatory action that the Plaintiffs' Complaint seeks to induce. The schedule and any other equitable relief the court may impose will affect

6

the shifting of resources to the rulemaking and future planning, redesign, and investment.

**C.  Defendants**

19.     Jennifer M. Granholm is the Secretary of DOE and is named in her official capacity. She is responsible for administration of that agency in accordance with EPCA, 42 U.S.C. §§ 6291-6317.

20.     DOE is an agency of the United States. It is the agency responsible for implementation of EPCA, 42 U.S.C. §§ 6291-6317. DOE's headquarters are located at 1000 Independence Ave., S.W., Washington, D.C. 20585.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

21.     In 1975, Congress enacted EPCA, Pub. L. No. 94-163, 89 Stat. 871 (1975), as part of a "comprehensive national energy policy." S. Rep. No. 516, 94th Congress, 1st Sess. 116 (1975) (conference report), reprinted in 1975 U.S.C.C.A.N. 1762, 1857.

22.     EPCA has been amended several times, and in its current form, EPCA requires DOE to set energy efficiency standards, or to determine that no new standards are required, for over 60 categories of common consumer and commercial products and industrial equipment.

23.     EPCA sets forth timetables for DOE to periodically review and amend, or decide not to amend, existing energy-efficiency standards. *See, e.g.*, 42 U.S.C. §§ 6295(m)(1), 6295(m)(3), 6295(hh)(3), 6313(a)(6)(A)(ii), 6313(a)(6)(B)(i), 6313(a)(6)(C), 6313(c)(6)(B), 6313(f)(5).

24.     For consumer products, 42 U.S.C. § 6295(m)(l), provides that, "Not later than 6 years after issuance of any final rule establishing or amending a standard, as required for a product under this part, the Secretary shall publish (A) a notice of the determination of the

Secretary that standards for the product do not need to be amended, based on the criteria established under subsection (n)(2); or (B) a notice of proposed rulemaking including new proposed standards based on the criteria established under subsection (o) and the procedures established under subsection (p)." DOE is required to determine, within six years of adopting a final rule prescribing a standard, whether such standard should be amended. 42 U.S.C. §6295(m)(l). If DOE determines that an existing efficiency standard should not be amended, EPCA requires that DOE revisit that determination within three years. 42 U.S.C. §6295(m)(3)(B).

25.     DOE's duty to periodically review and update existing standards also extends to covered commercial products and industrial equipment. 42 U.S.C. § 6316(a). Depending on the product or equipment, EPCA requires DOE to update standards based on a 6-year review cycle similar to the procedure set forth in 42 U.S.C. § 6295(m) for consumer products (see 42 U.S.C. §§ 6313(a)(6)(C), 6316(a)) or by a specified deadline (see 42 U.S.C. §§6313(c)(6)(B), 6313(f)(5)).

26.     EPCA also requires DOE to update energy efficiency standards for commercial products or equipment based on revisions to energy efficiency codes published by the American Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc. ("ASHRAE"). 42 U.S.C. § 6313(a)(6)(A).

27.     Congress did not require DOE to set new energy efficiency standards, but mandated a periodic review of standards and requires that any new energy conservation standard prescribed by DOE must be "designed achieve the maximum improvement in energy efficiency … which the Secretary determines is *technologically feasible and economically justified*." 42 U.S.C. §§6295(m)(1) and 6295(o)(2)(A) (emphasis added).

28.     DOE has failed to meet EPCA deadlines for the product categories identified in Plaintiff-Intervenors' claims below. Indeed, DOE has acknowledged missing statutory deadlines, including those at issue here. *See* DOE Energy Conservation Standards Activities Report to Congress (July 2019), available at https://www.energy.gov/sites/prod/files/2019/07/f65/rtc-july-2019.pdf.

### A.  Statutory Authorization for "Citizen Suits"

29.     Section 6503 of Title 42 U.S. Code authorizes "any person" to bring a civil action against "any Federal agency which has a responsibility under this part where there is an alleged failure of such agency to perform any act or duty under this part which is not discretionary" (42 U.S.C. §6503(a)(2)) or "the Secretary in any case in which there is an alleged failure of the Secretary to comply with a nondiscretionary duty to issue a proposed or final rule according to the schedules set forth in section 6295 of this title." *Id.* §6503(a)(3).

30.     The EPCA provides "[i]f the court finds that the Secretary has failed to comply with a deadline established in section 6295 of this title, the court shall have jurisdiction to order appropriate relief, including relief that will ensure the Secretary's compliance with future deadlines for the same covered product." 42 U.S.C. § 6305(a)(3).

### B.  Mandamus Authority Provided by Administrative Procedure Act ("APA")

31.     The APA also governs agency rulemaking and judicial review of agency action and inaction. 5 U.S.C. §§ 551-706. It provides, in relevant part, that a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." 5 U.S.C. § 706(1).

32.     This Court should enter a declaratory judgment and issue a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for those product categories.

33.     Finally, EPCA provides: "The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 42 U.S.C. §6305(d).

34.     Plaintiff-Intervenors assert in this Complaint in Intervention twenty-one claims for relief, numbered to correspond with the numbering of claims asserted in Plaintiffs' Complaint. Plaintiff-Intervenors' claims are numbered Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, and Twenty-Fifth.

## SECOND CLAIM FOR RELIEF

### (Consumer Product Standard – Pool Heaters)

35.     Pool heaters are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(e).

36.     AHRI members produce pool heaters that are subject to DOE regulations regarding energy conservation standards.

37.     On April 16, 2010, DOE issued a final rule adopting amended energy conservation standards for pool heaters. 75 Fed. Reg. 20,112 (Apr. 16, 2010).

38.     DOE failed to publish on or before April 16, 2016 either a final determination that the existing efficiency standards for pool heaters should not be amended or a proposed amended standard.

39.     By missing that six-year deadline set by EPCA (42 U.S.C. § 6295(m)(1)), DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. §

6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

40.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. § 706(1), (2).

41.     Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for pool heaters.

42.     AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

**THIRD CLAIM FOR RELIEF**

**(Consumer Product Standard – Water Heaters)**

43.     Water heaters are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(e).

44.     AHRI members produce water heaters that are subject to DOE regulations regarding energy conservation standards.

45.     On April 16, 2010, DOE issued a final rule adopting amended energy conservation standards for water heaters. 75 Fed. Reg. 20,112 (Apr. 16, 2010).

46.     DOE failed to publish on or before April 16, 2016 either a final determination that the existing efficiency standards for water heaters should not be amended or a proposed amended standard.

47.     By missing that six-year deadline set by EPCA (42 U.S.C. § 6295(m)(1)), DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C.

11

§ 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

48.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. § 706(1), (2).

49.     Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for water heaters.

50.     AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## FOURTH CLAIM FOR RELIEF

### (Consumer Product Standard – Clothes Dryers)

51.     Clothes dryers are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(g).

52.     AHAM members produce clothes dryers that are subject to DOE regulations regarding energy conservation standards.

53.     On April 21, 2011, DOE issued a direct final rule adopting amended energy conservation standards for clothes dryers. 76 Fed. Reg. 22,454 (Apr. 21, 2011), confirmed, 76 Fed. Reg. 52,852 (Aug. 24, 2011).

54.     Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update the clothes dryer standards by no later than April 21, 2017. DOE missed that deadline.

55.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a

12

nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

56.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

57.     Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for clothes dryers.

58.     AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## FIFTH CLAIM FOR RELIEF

### (Consumer Product Standard – Room Air Conditioners)

59.     Room air conditioners are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(c).

60.     AHAM members produce room air conditioners that are subject to DOE regulations regarding energy conservation standards.

61.     On April 21, 2011, DOE issued a direct final rule adopting amended energy conservation standards for room air conditioners. 76 Fed. Reg. 22,454, confirmed, 76 Fed. Reg. 52,852.

62.     Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update room air conditioners standards by no later than April 21, 2017. DOE missed that deadline.

63.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a

nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

64.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

65.    Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for room air conditioners.

66.    AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## SIXTH CLAIM FOR RELIEF

### (Consumer Product Standard – Oil Furnaces and Weatherized Gas Furnaces)

67.    Oil furnaces and weatherized gas furnaces are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(f).

68.    AHRI members produce oil furnaces and weatherized gas furnaces that are subject to DOE regulations regarding energy conservation standards.

69.    On June 27, 2011, DOE issued a Direct Final Rule adopting amended energy conservation standards for oil furnaces and weatherized gas furnaces. 76 Fed. Reg. 37,408 (June 27, 2011).

70.    Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update the standards for oil furnaces and weatherized gas furnaces by no later than June 27, 2017. DOE missed that deadline.

71.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

72.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

73.     Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for oil furnaces and weatherized gas furnaces.

74.     AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## SEVENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Refrigerators and Freezers)

75.     Refrigerators and freezers are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(b).

76.     AHAM members produce refrigerators and freezers are subject to DOE regulations regarding energy conservation standards.

77.     On September 15, 2011, DOE issued a final rule adopting amended energy conservation standards for refrigerators and freezers. 76 Fed. Reg. 57,515 (Sept. 15, 2011).

78.     Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update refrigerator and freezer standards by no later than September 15, 2017. DOE missed that deadline.

79.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

80.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

81.     Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for refrigerators and freezers.

82.     AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## NINTH CLAIM FOR RELIEF

### (Commercial or Industrial Equipment Standard – Water and Evaporatively Cooled Commercial Air Conditioners)

83.     Water and evaporatively cooled commercial air conditioners are a category of covered commercial equipment for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6313(a).

84.     AHRI members produce water and evaporatively cooled commercial air conditioners that are subject to DOE regulations regarding energy conservation standards.

85.     On May 16, 2012, DOE issued a final rule adopting amended energy conservation standards for water and evaporatively cooled commercial air conditioners. 77 Fed. Reg. 28,928 (May 16, 2012).

86.     Pursuant to 42 U.S.C. § 6313(a)(6)(C), DOE was required to review and update the water and evaporatively cooled commercial air conditioners standards by no later than May 16, 2018. DOE missed that deadline.

87.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

88.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

89.     Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for water and evaporatively cooled commercial air conditioners.

90.     AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## TENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Clothes Washers)

91.     Clothes washers are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(g).

92.     AHAM members produce clothes washers that are subject to DOE regulations regarding energy conservation standards.

93.     On May 31, 2012, DOE issued a direct final rule adopting amended energy conservation standards for clothes washers. 77 Fed. Reg. 32,308 (May 31, 2012); confirmed, 77 Fed. Reg. 59,719 (Oct. 1, 2012).

94.     Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update existing clothes washer standards by no later than May 31, 2018. DOE missed that deadline.

95.     By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

96.     DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

97.     Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for clothes washers.

98.     AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## TWELFTH CLAIM FOR RELIEF

### (Consumer Product Standard – Microwave Ovens)

99.     Microwave ovens are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(h).

100. AHAM members produce microwave ovens that are subject to DOE regulations regarding energy conservation standards.

101. On June 17, 2013, DOE issued a final rule adopting amended energy conservation standards for microwave ovens. 78 Fed. Reg. 36,316 (Jun. 17, 2013).

102. Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update microwave oven standards by no later than June 17, 2019. DOE missed that deadline.

103. By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

104. DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

105. Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for microwave ovens.

106. AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## THIRTEENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Direct Heating Equipment)

107. Direct heating equipment is a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(e).

108.    AHRI members produce direct heating equipment that are subject to DOE regulations regarding energy conservation standards.

109.    AHAM members produce certain categories of direct heating equipment that are considered covered products but not yet subject to energy conversation standards. The rulemaking addresses whether standards for these products would be appropriate.

110.    On October 17, 2016, DOE issued a determination not to amend energy conservation standards for direct heating equipment. 81 Fed. Reg. 71,325 (Oct. 17, 2016).

111.    On February 26, 2019, DOE issued a request for information to help it determine whether direct heating equipment standards should be amended. 84 Fed. Reg. 6095 (Feb. 26, 2019).

112.    On December 1, 2020, DOE issue a notice of proposed determination that standards for direct heating equipment do not need to be amended. 85 Fed. Reg. 77,017 (Dec. 1, 2020).

113.    Pursuant to 42 U.S.C. § 6295(m)(3)(B), DOE was required to make a final determination, by no later than October 17, 2019, regarding whether direct heating equipment standards should be amended. DOE missed that deadline.

114.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

115.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

116.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for direct heating equipment.

117.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## FOURTEENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Dishwashers)

118.    Dishwashers are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(g).

119.    AHAM members produce dishwashers that are subject to DOE regulations regarding energy conservation standards.

120.    On December 13, 2016, DOE issued a determination not to amend energy conservation standards for dishwashers. 81 Fed. Reg. 90,072 (Dec. 13, 2016).

121.    Pursuant to 42 U.S.C. § 6295(m)(3)(B), DOE was required to make a new determination, by no later than December 13, 2019, regarding whether dishwasher standards should be amended. DOE missed that deadline.

122.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

123.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

124.    Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for dishwashers.

125.    AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## FIFTEENTH CLAIM FOR RELIEF

### (Commercial or Industrial Equipment Standard – Electric Motors)

126.    Electric motors are a category of covered commercial equipment for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6313(b).

127.    AHRI members produce products that contain certain electric motors that are subject to DOE regulations regarding energy conservation standards.

128.    On May 29, 2014, DOE issued a final rule adopting amended energy conservation standards for electric motors. 79 Fed. Reg. 30,934 (May 29, 2014).

129.    Pursuant to 42 U.S.C. §§ 6316(a), 6295(m), DOE was required to review and update the electric motor standards by no later than May 29, 2020. DOE missed that deadline.

130.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

131.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

132.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for electric motors.

133.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## SIXTEENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Furnace Fans)

134.    Furnace fans are a category of covered products for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6295(f)(4)(D).

135.    AHRI members produce furnace fans that are subject to DOE regulations regarding energy conservation standards.

136.    On July 3, 2014, DOE issued a final rule adopting amended energy conservation standards for furnace fans. 79 Fed. Reg. 38,130 (Jul. 3, 2014).

137.    Pursuant to 42 U.S.C. § 6295(m)(1), DOE was required to review and update furnace fans standards by no later than July 3, 2020. DOE missed that deadline.

138.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

139.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

140.    . Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for furnace fans.

141.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## SEVENTEENTH CLAIM FOR RELIEF

### (Consumer Product Standard –
### Non-Weatherized Furnaces and Mobile Home Gas Furnaces)

142.    Non-weatherized furnaces and mobile home gas furnaces are categories of covered products for which DOE has prescribed minimum efficiency standards pursuant to EPCA. 42 U.S.C. § 6295(f).

143.    AHRI members produce non-weatherized furnaces and mobile home gas furnaces that are subject to DOE regulations regarding energy conservation standards.

144.    On March 12, 2015, DOE issued proposed amended energy conservation standards for non-weatherized furnaces and mobile home gas furnaces. 80 Fed. Reg. 13,120 (Mar. 12, 2015).

145.    On September 23, 2016, DOE issued a supplemental notice of proposed rulemaking regarding standards for non-weatherized furnaces and mobile home gas furnaces. 81 Fed. Reg. 65,720 (Sept. 23, 2016). On January 15, 2021, DOE issued a final rule withdrawing its 2015 proposed and 2016 supplemental proposed standards for non-weatherized furnaces and mobile home gas furnaces. 86 Fed. Reg. 3873 (Jan. 15, 2021).

146.    Pursuant to 42 U.S.C. § 6295(m)(3)(A), DOE was required to publish a final rule amending the standards for non-weatherized furnaces and mobile home gas furnaces by no later than March 12, 2017. DOE missed that deadline.

147.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

148.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. § 706(1), (2).

149.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for non-weatherized furnaces and mobile home gas furnaces.

150.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## EIGHTEENTH CLAIM FOR RELIEF

### (Consumer Product Standard – Conventional Cooking Products)

151.    Conventional cooking products are a category of covered products for which DOE has prescribed minimum efficiency standards pursuant to EPCA. 42 U.S.C. § 6295(h).

152.    AHAM members produce conventional cooking products that are subject to DOE regulations regarding energy conservation standards.

153.    On June 10, 2015, DOE issued proposed amended energy conservation standards for conventional cooking products. 80 Fed. Reg. 33,030 (June 15, 2015).

154.    Pursuant to 42 U.S.C. § 6295(m)(3)(A), DOE was required to publish a final rule adopting final conventional cooking product standards by no later than June 10, 2017. DOE missed that deadline.

155.    On December 14, 2020, DOE issued a notice of proposed determination that standards for conventional cooking products do not need to be amended. 85 Fed. Reg. 80,982 (Dec. 14, 2020).

156.    By missing the deadline for publishing final amended standards or a final determination that conventional cooking products standards should not be amended, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

157.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

158.    Under the EPCA, AHAM has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for conventional cooking products.

159.    AHAM requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## NINETEENTH CLAIM FOR RELIEF

**(Commercial or Industrial Equipment Standard –
Commercial Water Heating Equipment)**

160.    Commercial water heating equipment is a category of covered commercial equipment for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6313(a).

161.    AHRI members produce commercial water heating equipment that are subject to DOE regulations regarding energy conservation standards.

162.    On May 31, 2016, DOE issued a notice of a proposed amended energy conservation standards for commercial water heating equipment. 81 Fed. Reg. 34,440 (May 31, 2016).

163.    Pursuant to 42 U.S.C. § 6313(a)(6)(C)(iii), DOE was required to publish a final rule adopting final amended standards for commercial water heating equipment by no later than May 31, 2018. DOE missed that deadline.

164.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

165.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

166.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for commercial water heating equipment.

167.   AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(Commercial or Industrial Equipment Standard –
Walk-In Coolers and Walk-In Freezers)**

168.   Walk-in coolers and walk-in freezers are a category of covered commercial equipment for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6313(f).

169.   AHRI members produce walk-in coolers and walk-in freezers that are subject to DOE regulations regarding energy conservation standards.

170.   On July 10, 2017, DOE issued a final rule adopting amended energy conservation standards for walk-in coolers and walk-in freezers. 82 Fed. Reg. 31,808 (July 10, 2017).

171.   Pursuant to 42 U.S.C. § 6313(f)(5), DOE was required to publish, by no later than January 1, 2020, a final rule to determine whether the standards for walk-in coolers and walk-in freezers should be amended. DOE missed that deadline.

172.   By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

173.   DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

174.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for walk-in coolers and walk-in freezers.

175.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## TWENTY-SECOND CLAIM FOR RELIEF

**(Commercial or Industrial Equipment Standard –
Commercial Refrigerators, Freezers, and Refrigerator-Freezers)**

176.    Commercial refrigerators, freezers, and refrigerator-freezers are a category of covered commercial equipment for which DOE has prescribed a minimum efficiency standard pursuant to EPCA. 42 U.S.C. § 6313(c).

177.    AHRI members produce commercial refrigerators, freezers, and refrigerator-freezers that are subject to DOE regulations regarding energy conservation standards.

178.    On March 28, 2014, DOE issued a final rule adopting amended energy conservation standards for commercial refrigerators, freezers, and refrigerator-freezers. 79 Fed. Reg. 17,725 (Mar. 28, 2014). The effective date of the amended standards was March 27, 2017.

179.    DOE was required to publish, by no later than March 27, 2020, a final rule to determine whether the standards for commercial refrigerators, freezers, and refrigerator-freezers should be amended. DOE missed that deadline.

180.    By missing the deadline, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

181.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

182.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for commercial refrigerators, freezers, and refrigerator-freezers.

183.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## <u>TWENTY-THIRD CLAIM FOR RELIEF</u>

### (Commercial or Industrial Equipment Standard – Dedicated Outdoor Air Systems)

184.    EPCA established initial statutory energy efficiency standards for commercial package air conditioning manufactured on or after January 1, 1994. 42 U.S.C. § 6313(a).

185.    AHRI members produce dedicated outdoor air systems that are subject to DOE regulations regarding energy conservation standards.

186.    On October 26, 2016, ASHRAE amended ASHRAE Standard 90.1, to establish standards for a new category of commercial package air conditioning and heating equipment known as dedicated outdoor air systems.

187.    The 2016 ASHRAE amendment triggered DOE's statutory obligation under 42 U.S.C. §§ 6313(a)(6)(A)(ii)(I) and 6313(a)(6)(B)(i) either to adopt, by April 26, 2018, the amended ASHRAE standards as uniform national standards or to issue by April 26, 2019 more stringent standards for dedicated outdoor air systems. DOE missed both deadlines.

188.    By missing the deadlines, DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

189.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

190.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for dedicated outdoor air systems.

191.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## <u>TWENTY-FOURTH CLAIM FOR RELIEF</u>

### (**Commercial or Industrial Equipment**
### **– Computer Room Air Conditioners**)

192.    EPCA established initial statutory energy efficiency standards for commercial package air conditioning manufactured on or after January 1, 1994. 42 U.S.C. § 6313(a).

193.    AHRI members produce computer room air conditioners that are subject to DOE regulations regarding energy conservation standards.

194.    Pursuant to EPCA, 42 U.S.C. § 6313(a)(6)(A), and in response to updates to ASHRAE Standard 90.1, DOE established a new category of commercial package air conditioning and heating equipment known as computer room air conditioners. DOE's current energy conservation standards for thirty equipment classes of computer room air conditioners are codified at 10 C.F.R. 431.97.

195.    On May 16, 2012, DOE issued a final rule amending the efficiency standards for computer room air conditioners. 77 Fed. Reg. 28,928 (May 16, 2012).

196.    On October 26, 2016, ASHRAE amended ASHRAE Standard 90.1, adopting standards for computer room air conditioners that are more stringent than the current standards applicable to computer room air conditioners. See 84 Fed. Reg. 48,006 (Sept. 11, 2019).

197.    On October 24, 2019, ASHRAE issued amended Standard 90.1-2019 which further revised the efficiency standards for certain commercial equipment, including certain classes of computer room air conditioners. See 85 Fed. Reg. 60,642 (Sept. 25, 2020).

198.    The 2016 ASHRAE amendment triggered DOE's statutory obligation under 42 U.S.C. § 6313(a)(6)(A)(ii)(I) and § 6313(a)(6)(B)(i) either to adopt the amended ASHRAE standards as uniform national standards or to issue more stringent standards for computer room air conditioners.

199.    DOE has not adopted the amended ASHRAE standards as uniform national standards for computer room air conditioners.

200.    Nor has it adopted standards that are more stringent than the amended ASHRAE standards for computer room air conditioners.

201.    DOE has failed to meet the statutory requirement to adopt new efficiency standards for computer room air conditioners based on amended ASHRAE standards, as required by 42 U.S.C. § 6313(a)(6)(A)(ii)(I) and § 6313(a)(6)(B)(i).

202.    By failing to either adopt the amended ASHRAE standards as uniform national standards by April 26, 2018 or issue more stringent standards by April 26, 2019, DOE has violated the statutory deadline in 42 U.S.C. § 6313(a)(6)(A)(ii)(I) and § 6313(a)(6)(B) for updating efficiency standards for computer room air conditioners.

203.    Additionally, for computer room air conditioning equipment classes that DOE determines were not subjected to more stringent standards by ASHRAE 90.1-2016, DOE is required to perform a 6-year look-back analysis. 42 U.S.C. § 6313(a)(6)(C). Because computer room air conditioner standards were last updated on May 16, 2012, the deadline for completing a review of the standards for these categories was May 16, 2018. See 77 Fed. Reg. 28,928 (May 16, 2012); 84 Fed. Reg. 48,011. DOE missed that deadline.

204.    DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

205.    DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

206.    Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for computer room air conditioners.

207.    AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

### TWENTY-FIFTH CLAIM FOR RELIEF

**(Commercial or Industrial Equipment Standard –
Variable Refrigerant Flow Air Conditioners and Heat Pumps)**

208.    EPCA established initial statutory energy efficiency standards for commercial package air conditioning manufactured on or after January 1, 1994. 42 U.S.C. § 6313(a).

209.    AHRI members produce variable refrigerant flow air conditioners and heat pumps that are subject to DOE regulations regarding energy conservation standards.

210.   Pursuant to EPCA, 42 U.S.C. 6313(a)(6)(A), and in response to updates to ASHRAE Standard 90.1, DOE established a new category of commercial package air conditioning and heating equipment known as variable refrigerant flow air conditioners and heat pumps. 77 Fed. Reg. 28, 928 (May 16, 2012).

211.   On October 26, 2016, ASHRAE amended ASHRAE Standard 90.1, adopting standards for variable refrigerant flow air conditioners and heat pumps that are more stringent than the current standards applicable to such equipment. See 84 Fed. Reg. 32,328, 32,332 (July 8, 2019).

212.   The 2016 ASHRAE amendment triggered DOE's statutory obligation under 42 U.S.C. § 6313(a)(6)(A)(ii)(I) and § 6313(a)(6)(B)(i) either to adopt the amended ASHRAE standards as uniform national standards or to issue more stringent standards for variable refrigerant flow air conditioners and heat pumps.

213.   DOE has not adopted the amended ASHRAE standards as uniform national standards for variable refrigerant flow air conditioners and heat pumps.

214.   Nor has it adopted standards that are more stringent than the amended ASHRAE standards for variable refrigerant flow air conditioners and heat pumps.

215.   By failing to either adopt the amended ASHRAE standards as uniform national standards by April 26, 2018 or issue more stringent standards by April 26, 2019, DOE has violated the statutory deadline in 42 U.S.C. § 6313(a)(6)(A)(ii)(I) and § 6313(a)(6)(B)(i) for updating efficiency standards for variable refrigerant flow air conditioners and heat pumps.

216.   DOE has failed both "to perform [an] act or duty under [EPCA] which is not discretionary," 42 U.S.C. § 6305(a)(2), and "to comply with a nondiscretionary duty to issue a . . . final rule according to the schedules set forth in [42 U.S.C. § 6295]," 42 U.S.C. § 6305(a)(3).

34

217.   DOE's failure to comply with EPCA's deadline constitutes agency action "unlawfully withheld" and "unreasonably delayed," and is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C. §§ 706(1), (2).

218.   Under the EPCA, AHRI has a right to be heard regarding the schedule for DOE's rulemaking process for energy efficiency standards for variable refrigerant flow air conditioners and heat pumps.

219.   AHRI requests a declaratory judgment and a writ of mandamus to compel DOE to commence rulemaking determinations concerning the energy-efficiency standards for these products.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff-Intervenors request:

1.   Enter a declaratory judgment pursuant to 28 U.S.C. § 2201(a) finding that DOE has violated EPCA's deadlines and other requirements with respect to the review and amendment of energy efficiency standards for consumer products and commercial or industrial equipment pursuant to 42 U.S.C. §§ 6295(m)(1), 6295(m)(3), 6313(a)(6)(A)(ii)(I), 6313(a)(6)(B)(i), 6313(a)(6)(C), 6313(c)(6)(B), 6313(f)(5), and 6316(a), as described above;

2.   That this Court issue a writ of mandamus based on violations of mandatory procedural duties, pursuant to 42 U.S.C. §§ 6295(m)(1), 6295(m)(3), 6313(a)(6)(A)(ii)(I), 6313(a)(6)(B)(i), 6313(a)(6)(C), 6313(c)(6)(B), 6313(f)(5), and 6316(a), to the Secretary of DOE, compelling her to issue advanced notices of proposed rulemaking in accord with EPCA and the APA, for each testing or energy-efficiency requirement, as appropriate, where DOE has violated at least one statutory deadline, according to a schedule to be issued by this Court after

briefing by the parties on the appropriate timetables or an agreement between the parties as to

scheduling is proffered to the Court; and

3.      To retain the right, if they so choose later in this litigation, to seek all or a portion

of the costs of prosecuting this Complaint in Intervention and participating in all other aspects

of this suit, including but not limited to reasonable attorney's fees pursuant to 42 U.S.C.

§ 6305(d).

Dated: March 26, 2021                    Respectfully submitted,

                                         MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
                                         POPEO, P.C.

                                         /s/ Kevin N. Ainsworth
                                         Kevin N. Ainsworth
                                         Chrysler Center – 666 Third Avenue
                                         New York, NY 10017
                                         Telephone: (212) 692-6745
                                         Email:  kainsworth@mintz.com

                                         Evelyn A. French, Esq. (admission *pro hac vice*
                                         forthcoming)
                                         701 Pennsylvania Avenue NW #900,
                                         Washington, DC 20004
                                         EAFrench@mintz.com
                                         202.434.7369
                                         *Attorneys for Plaintiff-Intervenors*
                                         *Association of Home Appliance Manufacturers and*
                                         *Air-Conditioning, Heating & Refrigeration Institute*

OF COUNSEL:
Chares A. Samuels, Esq.
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, P.C.
701 Pennsylvania Avenue NW #900,
Washington, DC 20004

Jennifer Cleary, Esq.
Vice President, Regulatory Affairs
Association of Home Appliance Manufacturers
1111 19th Street, NW, Suite 402
Washington, DC 20036

Caroline Davidson-Hood, Esq.
General Counsel
Air-Conditioning, Heating & Refrigeration Institute
2311 Wilson Blvd, Suite 400
Arlington, VA 22201

**EXHIBIT A**

**MEMBER COMPANIES OF THE ASSOCIATION
OF HOME APPLIANCE MANUFACTURERS**

MAJOR APPLIANCE DIVISION

AB Electrolux of Sweden
Arcelik A.S.
Brown Stove Works, Inc.
BSH Home Appliances Corporation
Danby Products, Ltd.
De'Longhi America, Inc.
Emerson Electric Company
Faber Spa
Foxconn Technology Group
Friedrich Air Conditioning Company
Gree Electric Appliances Inc.
Haier Smart Home Co., Ltd.
Hisense International Co. Ltd.
Lasko Products, Inc.
LG Electronics
Liebherr Export AG
Midea Group
Miele, Inc.
Panasonic Corporation of North America
Perlick Corporation
Samsung Electronics America, Inc.
Smeg S.p.A
Sub-Zero Group Inc.
The Middleby Corporation
Whirlpool Corporation

**EXHIBIT B**
**Representative List of AHRI's Members Pertinent to Claims in the Complaint in Intervention**

<u>Pool Heaters</u>
AquaCal, Inc.
AquaPRO Systems
G&F Manufacturing, Inc.
Thermeau Industries Inc.
Pentair Aquatic Systems
Built Right Pool Heaters, LLC
Raypak, Inc.
Hayward Industries, Inc.
Zodiac Pool Systems LLC

<u>Residential Water Heaters</u>
A.O. Smith Corporation
Bradword White Corp.
Bock Water Heaters
Camus Industries Ltd.
Haier America
Laars Heating Systems Company
Lochinvar, LLC
Noritz America Corporation
Rheem Sales Company, Inc.
Usines Giant Factories, Inc.
Vaughn Thermal Corporation
Watts Water Technologies

<u>Weatherized Gas Furnaces</u>
Aaon, Inc.
Adams Manufacturing
Allied Air Enterprises, LLC
Bard Manufacturing Company
Boyertown Furnace
Carrier Corporation
ECR International
Goodman Manufacturing Company, LP
Ingersoll Rand Company
Johnson Controls, Inc.
NTI Boilers, Inc.
Nortek Global HVAC, LLC.
Rheem Sales Company
Thermo Products, LLC
Weil-McLain, division of the Marley-Wylain Company
Wolf Steel Ltd.

<u>Water Cooled And Evaporatively Cooled Commercial Air Conditioners</u>
Artic Chiller Group
Daiken Industries
Ingersoll Rand Company

<u>Direct Heating</u>
Cozy Heating Systems LLC
Empire Comfort Systems
Greenheck Fan Company
Rinnai America Corporation
Vermont Castings Group
Williams Furnace Co.

<u>Electric Motors/Furnace Fans</u>
Ametek Dynamic Fluid Solutions
Beckett Air Inc.
ebm-papst Inc.
Fasco Industries, Inc.
Morrison Products, Inc.
Nidec Motor Corporation
Regal Beloit Corporation
Revcor, Inc.
LAU Industries
Worgas Inc.
Ziehl-Abegg, Inc.

<u>Non-weatherized and mobile home gas furnaces</u>
Carrier Corporation
Johnson Controls, Inc.
Nortek Global HVAC, LLC
NTI Boilers, Inc.
Thermo Products, LLC

<u>Commercial Water Heaters</u>
A.O. Smith Corporation
Bradford White Corporation
Camus Hydronics Ltd.
Eemax, Inc.
Laars Heating System Company
Lochinar LLC
Noritz America Corporation
PVI Industries, LLC
Rheem Sales Company, Inc.
RBI Water Heaters, Division of Mestek, Inc.
Thermal Solutions Products, LLC

Usines Giant Factories, Inc.
Watts Water Technologies

<u>Walk In Coolers and Freezers</u>
Bally Refrigerated Boxes, Inc.
Everidge
Guntner U.S. LLC
Heatcraft Worldwide Refrigeration LLC
Heat Transfer Products Group, LLC
Hoshisaki America, Inc.
Indus Thermal LLC
KeepRite Refrigeration
Refplus, Inc.
Tecumseh Products Company
Welbilt, Inc.
Whisperkool

<u>Commercial Refrigeration Equipment-</u>
Air Innovations
AHT Cooling Systems USA, Inc.
Arneg USA
Bitzer U.S. Inc.
CellarPro Cooling Systems
Continental Refrigerator
Emerson Commercial and Residential Solutions
Federal Industries
Hillphoenix
Hussmann Corporation
Indus Thermal LLC
Killon Industries
Kysor Warren EPTA
Heatcraft Worldwide Refrigeration LLC
RefPlus, Inc.
Southern CaseZero Zone, Inc.
Structural Concepts Corporation

<u>Dedicated Outdoor Air Systems</u>
Aaon, Inc.
AboveAir Technologies, LLC
Addison HVAC LLC
Daikin Industries
Desert Aire Corp.
Greenheck Fan Company
Heat-Pipe Technology, Inc.
Innergy Tech, Inc.
Johnson Controls, Inc.

Kentuckiana Curb Company
Munters Corporation
NovelAire Technologies
Research Products Corporation
Resideo
Valent Air Management Systems

Computer Room Air Conditioners
AboveAir Technologies, LLC
AIRSYS Refrieration Engineering Technology (Beijing) Co. Ltd.
Data Aire Inc.
Enconnex
Guandong Shengling Environmental Systems Co., Ltd.
RefPlus, Inc.
Schneider Electric IT Corporation
Vertiv Corporation

Variable Refrigerant Flow Air Conditioners and Heat Pumps
Allied Air Enterprises, LLC
ECR International
Freidrich Air Conditioning, LLC
GE Appliances, a Haier Company
Gree Electric Appliances, Inc. of Zhuhai
Fujitsu General America, Inc.
Ingersoll Rand Company
Johnson Controls, Inc.
Lennox International Inc.
LG Electronics, Inc.
Mitsubishi Electric Cooling & Heating
Modine Manufacturing Company
Mortex Products, Inc.
Multiaqua, Inc.
Nortek Global HVAC, LLC
Panasonic Corporation of North America
Rheem Manufacturing Company
Samsung Electronics Co. Ltd.
Wolf Steel Ltd.