UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, CONSUMER FEDERATION OF AMERICA, MASSACHUSETTS UNION OF PUBLIC HOUSING TENANTS, PUBLIC CITIZEN, and SIERRA CLUB, | No.: 20-cv-9127 (JMF) |

*Plaintiffs,*

*and*

ASSOCIATION OF HOME APPLIANCE
MANUFACTURERS, and AIR-
CONDITIONING, HEATING &
REFRIGERATION INSTITUTE,

*Plaintiff-Intervenors,*

v.

JENNIFER M. GRANHOLM, as Secretary Of
The United States Department Of Energy, and
UNITED STATES DEPARTMENT OF
ENERGY,

*Defendants.*

| | |
|---|---|
| STATES OF NEW YORK, CALIFORNIA, COLORADO, CONNECTICUT, ILLINOIS, MAINE, MARYLAND, MINNESOTA, NEW JERSEY, OREGON, VERMONT, AND WASHINGTON, COMMONWEALTH OF MASSACHUSETTS, PEOPLE OF THE STATE OF MICHIGAN, DISTRICT OF COLUMBIA, CITY OF NEW YORK, COMMONWEALTH OF PENNSYLVANIA, AND STATES OF NEVADA AND NEW MEXICO, | No.: 20-cv-9362 (JMF) |

*Plaintiffs,*

*and*

ASSOCIATION OF HOME APPLIANCE

MANUFACTURERS, and AIR-
CONDITIONING, HEATING &
REFRIGERATION INSTITUTE,

*Plaintiff-Intervenors,*

v.

JENNIFER M. GRANHOLM, as Secretary Of
The United States Department Of Energy, and
UNITED STATES DEPARTMENT OF
ENERGY,

*Defendants.*

## CONSENT DECREE

WHEREAS, on October 30, 2020, Plaintiffs Natural Resources Defense Council, Center

for Biological Diversity, Consumer Federation of America, Massachusetts Union of Public

Housing Tenants, Public Citizen, and Sierra Club (collectively "Public Interest Plaintiffs") filed a

complaint in the United States District Court for the Southern District of New York ("Court")

against Defendants Jennifer Granholm,[1] in her official capacity as United States Secretary of

Energy, and the United States Department of Energy (collectively "DOE");

WHEREAS, on November 9, 2020, Plaintiffs States of New York, California, Colorado,

Connecticut, Illinois, Maine, Maryland, Minnesota, New Jersey, Oregon, Vermont, Washington,

the Commonwealth of Massachusetts, the People of the State of Michigan, the District of

Columbia, and the City of New York (collectively "State Plaintiffs") filed a complaint in the

Court against DOE;

WHEREAS on January 29, 2021, State Plaintiffs filed an amended complaint to include

as additional state plaintiffs the Commonwealth of Pennsylvania and the States of New Mexico

and Nevada;

---

[1]     Secretary Granholm is automatically substituted as a defendant for former Secretary Dan
Brouillette pursuant to Federal Rule of Civil Procedure 25(d).

WHEREAS, on March 23, 2021, the Court entered a Stipulation and Order (the "Intervention Stipulation") permitting the Association of Home Appliance Manufacturers and Air-Conditioning, Heating & Refrigeration Institute (collectively, "Plaintiff-Intervenors") to participate, with specified conditions, as Plaintiff-Intervenors in these two civil actions, Dkt. No. 34, 20 Civ. 9127, Dkt. No. 53, 20 Civ. 9326;

WHEREAS, Plaintiff-Intervenors filed a Complaint in Intervention in each of these actions on March 26, 2021 Dkt. No. 35, 20 Civ. 9127, Dkt. No. 55, 20 Civ. 9326;

WHEREAS, the Public Interest Plaintiffs, State Plaintiffs, and Plaintiff-Intervenors (collectively, the "Plaintiffs") have alleged that DOE has failed to publish final rules concerning energy conservation standards for 25 categories of consumer products and industrial equipment by the respective deadlines specified by the Energy Policy and Conservation Act, as amended ("EPCA"), 42 U.S.C. §§ 6291–6317;

WHEREAS, DOE signed a final rule concerning energy conservation standards for one of these categories, fluorescent lamp ballasts, on December 4, 2020, which was published in the Federal Register at 85 Fed. Reg. 81,558 (Dec. 16, 2020);

WHEREAS, DOE signed a final rule concerning energy conservation standards for a second of these categories, small electric motors, on January 6, 2021, which was published in the Federal Register at 86 Fed. Reg. 4885 (Jan. 19, 2021);

WHEREAS, DOE signed a final rule concerning energy conservation standards for a third of these categories, evaporatively-cooled commercial package air conditioners and water-cooled commercial package air conditioners, on July 8, 2021, which was published in the Federal Register at 86 Fed. Reg. 37,001 (July 14, 2021);

WHEREAS, DOE signed a final rule concerning energy conservation standards for a fourth of these categories, metal halide lamp fixtures, on October 20, 2021, which was published

in the Federal Register at 86 Fed. Reg. 58,763 (Oct. 25, 2021);

WHEREAS, DOE signed a final rule concerning energy conservation standards for a fifth of these categories, direct heating equipment, on November 23, 2021, which was published in the Federal Register at 86 Fed. Reg. 66,403 (Nov. 23, 2021);

WHEREAS, with respect to the remaining 20 categories of consumer products and industrial equipment that are the subject of the Public Interest Plaintiffs' complaint and the State Plaintiffs' amended complaint, EPCA prescribes deadlines and other requirements for final rules concerning energy efficiency standards; and

WHEREAS, the Public Interest Plaintiffs, the State Plaintiffs, the Plaintiff-Intervenors, and DOE (each a "Party" and collectively the "Parties") agree that it is in the public interest, and the interest of judicial economy, to resolve claims without further litigation, as provided herein, and that this Consent Decree is a fair, just, sufficient, and equitable resolution of the claims asserted by the Plaintiffs;

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      The Court has jurisdiction over the claims set forth in the Public Interest Plaintiffs' complaint and the State Plaintiffs' amended complaint and the Plaintiff-Intervenors' Complaints in Intervention. The Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, has jurisdiction to order the relief contained herein.

2.      These two civil actions are consolidated for the purpose of entry of this Consent Decree and any further proceedings in these matters. All future filings shall be made only in *Natural Resources Defense Council v. Granholm*, 20 Civ. 9127.

3.      This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

4.      For each of the 20 categories of consumer products and industrial equipment

listed in the below table, DOE shall sign and post on DOE's publicly accessible website the document that, when effective, represents a final agency action pertaining to energy conservation standards (hereinafter, "Agency Action Document") for that particular category of consumer product or industrial equipment no later than the corresponding deadline listed in the below table:

| *Product Category* | *Deadline* |
|---|---|
| Computer Room Air Conditioners | June 30, 2023 |
| Pool Heaters | June 30, 2023 |
| Commercial Water Heaters | July 30, 2023 |
| Room Air Conditioners | July 30, 2023 |
| Dedicated Outdoor Air Systems | August 31, 2023 |
| Microwave Ovens | August 31, 2023 |
| Variable Refrigerant Flow Air Conditioners and Heat Pumps | August 31, 2023 |
| Non-Weatherized and Mobile Home Gas Furnaces | September 30, 2023 |
| Residential Clothes Dryers | February 29, 2024 |
| Residential Refrigerators and Freezers | December 30, 2023 |
| Conventional Cooking Products | January 31, 2024 |
| Residential Clothes Washers | February 29, 2024 |
| Electric Motors | April 30, 2024 |
| Residential Water Heaters | April 30, 2024 |
| Distribution Transformers | June 30, 2024 |
| Residential Dishwashers | June 30, 2024 |
| Furnace Fans | October 31, 2024 |
| Oil Furnaces and Weatherized Gas Furnaces | October 31, 2024 |
| Walk-In Coolers and Freezers | November 30, 2024 |
| Commercial Refrigeration Equipment | November 30, 2024 |

5.      For purposes of Paragraph 4, an Agency Action Document is a rulemaking document prepared by DOE under EPCA that, upon that document's effective date, either: (a) amends energy conservation standards; (b) establishes new energy conservation standards; or (c) conveys DOE's determination to not amend energy conservation standards.

6.      Further, for purposes of Paragraph 4, the posting on DOE's publicly accessible website of an Agency Action Document, including any Agency Action Document subject to the error correction procedures at 10 C.F.R. §§ 430.5, 431.3 (or any subsequent amendments thereto), satisfies DOE's obligation to "sign and post . . . the document that, when effective, represents a final agency action pertaining to energy conservation standards," provided that:

(a)      For any Agency Action Document not subject to the error correction procedures at 10 C.F.R. §§ 430.5, 431.3 (or any subsequent amendments thereto), DOE transmits the Agency Action Document within 30 days of its signing to the Office of the Federal Register ("OFR") for publication and DOE does not take any action that would delay or preclude publication of the transmitted document in the Federal Register (other than as necessary to correct any typographical errors or other errors of form); and

(b)      For any Agency Action Document that is subject to the error correction procedures at 10 C.F.R. §§ 430.5, 431.3 (or any subsequent amendments thereto), DOE transmits the Agency Action Document (or an amended version thereof if necessary changes are identified during the error correction process) to the OFR for publication within 75 days of signing the Agency Action Document, and DOE does not take any action that would delay or preclude publication of the transmitted document in the Federal Register (other than as necessary to correct any typographical errors or other errors of form).

7.      If, subsequent to the entry of this Consent Decree by the Court, there is adopted an amendment to Standard 90.1 as published by the American Society of Heating, Refrigerating

and Air-Conditioning Engineers ("ASHRAE") that would, for any category of industrial

equipment listed in Paragraph 4, trigger the process required by 42 U.S.C. § 6313(a)(6)(A)–(B),

then the deadline for the affected category of industrial equipment shall be the later of: (a) the

date listed in Paragraph 4; or (b) the date calculated pursuant to 42 U.S.C. §§

6313(a)(6)(A)(ii)(I)–(II) and 6313(a)(6)(B)(i), unless the Parties agree to a different deadline in

accordance with the modification procedures in Paragraph 11 of this Consent Decree.

8.      If, subsequent to the entry of this Consent Decree by the Court, there is a

change in statute or a judicial decision of any court that DOE concludes would preclude DOE

from completing a document required by Paragraph 4 using the factual analysis, legal

rationale, or rulemaking procedures DOE was intending for that rulemaking, the following

procedures shall apply:

(a)      Within 30 days of the enactment of such a statute, or within 30 days of the

issuance of the judicial decision by a court, DOE shall transmit to the Public Interest Plaintiffs,

State Plaintiffs, and Plaintiff-Intervenors a written notice that: (i) identifies the specific change

in statute or judicial decision; (ii) identifies which rulemaking(s) of the categories of consumer

products and industrial equipment in Paragraph 4 are impacted by this change in statute or

judicial decision; (iii) briefly summarizes how the change in statute or judicial decision impacts

DOE's ability to complete the rulemaking by the deadline specified in Paragraph 4; and (iv)

proposes a substitute deadline for each category of consumer products and industrial equipment

identified in the notice.

(b)      Within 15 days of receiving the notice required by Subparagraph 8(a), the

Parties shall meet and confer in good faith about the need for, and selection of, a substitute

deadline for each category of consumer products and industrial equipment identified in DOE's

notice. If the Parties are able to agree on a substitute deadline, the Parties shall amend the

deadline in Paragraph 4 in accordance with the modification procedures for stipulations in Paragraphs 11 and 12 of this Consent Decree.

(c)     If, 30 days after initiating the meet-and-confer process required by Subparagraph (b), the Parties are unable to agree on the need for, or selection of, a substitute deadline, DOE may file with the Court a motion to modify the relevant deadline in Paragraph 4. If the Parties disagree on the need for a substitute deadline for any category of consumer products and industrial equipment identified in DOE's motion, or agree on the need for a substitute deadline but disagree on the date of the substitute deadline, the Court shall, after consideration of the motion and any response filed by Public Interest Plaintiffs, State Plaintiffs, or Plaintiff-Intervenors, and any reply by DOE, decide whether a substitute deadline is warranted and, if so, decide what the substitute deadline will be. For purposes of this Paragraph, the Parties stipulate that at the time of entering this Consent Decree, the Parties are not aware of specific legislation or cases that they currently anticipate would result in a change of law that would make DOE's compliance with any deadline in Paragraph 4 substantially more onerous or unworkable; accordingly, no Plaintiff may oppose the relief sought by DOE in its motion on the ground that any changed circumstances were anticipated at the time the Parties entered into this Consent Decree. Plaintiffs otherwise preserve all grounds or bases for opposition to any motion under this Subparagraph.

(d)     Any deadline established pursuant to Subparagraphs (b) and (c) may subsequently be modified in accordance with the modification procedures for stipulations in Paragraphs 11 and 12 of this Consent Decree.

9.     If DOE signs and posts an Agency Action Document for a category of consumer products or industrial equipment required by Paragraph 4 by the deadline

8

applicable to that category provided by this Consent Decree, and the final agency action

pertaining to energy conservation standards represented by that Agency Action

Document is subsequently determined by a final judgment of any court to be legally

invalid either in whole or in part and the rulemaking is remanded in whole or in part to

DOE for further action, DOE shall not be in violation of its obligation to "sign and post"

the Agency Action Document by the deadline applicable to that category provided by

Paragraph 4 of this Consent Decree. However, the Plaintiffs retain their right to seek

appropriate relief, including but not limited to the establishment of additional deadlines,

either by motion or by commencing new litigation pursuant to EPCA. DOE reserves all

defenses to such motion or separate action.

10.     Nothing in this Consent Decree precludes DOE from signing and posting an

Agency Action Document for a category of consumer products or industrial equipment prior to

the respective deadline provided in Paragraph 4.

11.     Notwithstanding any other provisions of this Consent Decree, the terms of this

Consent Decree may be modified either by: (a) written stipulation of the Parties approved by the

Court; (b) as provided in Paragraph 12 below; or (c) by the Court upon a motion made pursuant

to the Federal Rules of Civil Procedure by DOE, the Public Interest Plaintiffs, or the State

Plaintiffs, and upon consideration of any response by a non-moving Party and reply by the

moving Party; provided, however, that this Consent Decree may not be modified to: (i) establish

new deadlines for any category of consumer products or industrial equipment that is not listed in

Paragraph 4; (ii) establish additional rulemaking deadlines for any category of consumer

products or industrial equipment listed in Paragraph 4 if the applicable deadline provided by this

Consent Decree has been satisfied by DOE; or (iii) establish a deadline for any category of

consumer products or industrial equipment earlier than the deadline provided in Paragraph 4.

12.     If DOE, the Public Interest Plaintiffs, and the State Plaintiffs are able to reach a stipulated agreement on terms modifying this Consent Decree, those parties (the "Requesting Parties") may submit their stipulation to the Court and request that it be approved. However, at least 14 days before filing any such written stipulation with the Court, the Requesting Parties shall provide a copy of such stipulation to the Plaintiff-Intervenors for their review. After that 14-day period, the Requesting Parties may file the stipulation with the Court. Plaintiff-Intervenors, unless they have consented to the stipulation in writing, may file a response to the stipulation within 10 days and participate in any hearing regarding approval or entry of the stipulation.

13.     Prior to filing any motion to modify this Consent Decree under Paragraph 11(c) (except for a motion filed pursuant to Subparagraph 8(c)), the Party seeking the modification shall first transmit to the other Parties a written notice that: (i) identifies the requested modification; (ii) briefly summarizes the reason(s) justifying the modification; and (iii) requests consent to the modification. Within 14 days of receiving this notice, the receiving Parties shall each notify the requesting Party whether it consents to the modification or instead requests that the Parties confer about the requested modification. If any Party requests to confer, the Parties shall, within 15 days of such request, meet and confer in good faith with the objective of reaching agreement before any motion to modify is filed with the Court. If, after 30 days of initiating the meet-and-confer process, the Parties are unable to agree, the Party seeking modification may file a motion to modify with the Court, to which any non-moving Party may respond. Nothing in this Paragraph waives or limits any argument that any Party may make to the Court in support of, or in opposition to, such motion. The deadlines set forth in this Paragraph may be modified by agreement of the Parties without Court approval.

14.     The Court shall retain jurisdiction to interpret, implement, and effectuate

10

compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including a request for reasonable attorneys' fees the Public Interest Plaintiffs or the State Plaintiffs).

15.     Prior to filing any motion to interpret, implement, or enforce the Consent Decree, the Party intending to file such motion shall first transmit to the other Parties a written notice that identifies the relief desired and briefly summarizes the reason(s) justifying the relief sought. Within 15 days of receiving this notice, the Parties shall meet and confer in good faith with the objective of reaching agreement before any motion is filed with the Court. If, after 30 days of initiating the meet-and-confer process, the Parties are unable to agree, the Party seeking relief may file a motion with the Court, to which any non-moving Party may respond. Nothing in this Paragraph waives or limits any argument that any Party may make to the Court in support of, or in opposition to, such motion. The deadlines set forth in this Paragraph may be modified by agreement of the Parties without Court approval.

16.     No motion or other proceeding seeking to interpret, implement, or enforce this Consent Decree or for contempt of Court shall be properly filed unless the moving Party has complied with the requirements of Paragraph 15.

17.     The Parties acknowledge and agree that the obligations imposed upon DOE under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose and that DOE's actions under this Consent Decree must be consistent with applicable law. No provision of this Consent Decree requires, nor shall be interpreted or construed as requiring, that DOE take any action that is inconsistent with or in contravention of: (a) the Antideficiency Act, 31 U.S.C. § 1341, or any other applicable fiscal or procurement law or regulation; (b) the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706; (c) EPCA, 42 U.S.C. §§ 6291–6317; or (d) any other applicable provision of law.

18.     Nothing in this Consent Decree shall be interpreted or construed as limiting or modifying any discretion accorded to DOE by any laws, including EPCA, 42 U.S.C. §§ 6291–6317, the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706, and any other statutes, regulations, or principles of administrative law, in taking the actions that are the subject of this Consent Decree—including, but not limited to: (a) the substance of any Agency Action Document required by Paragraph 4; (b) the factors to be considered in proposing or adopting any Agency Action Document required by Paragraph 4; or (c) the conduct of rulemakings for any category of covered products or industrial equipment that is not the subject of this Consent Decree.

19.     The Parties acknowledge and agree that the terms of this Consent Decree and the settlement provided for herein are intended to compromise disputed claims and to avoid litigation, and do not constitute and shall not be construed as an admission of any wrongdoing, misconduct, or liability on the part of DOE.

20.     The Parties agree that this Consent Decree constitutes a complete and final settlement of all claims asserted by the Plaintiffs in these consolidated actions against DOE. The Plaintiffs therefore discharge and covenant not to sue the United States, including DOE, for such claims; however, the Parties agree that this discharge and covenant not to sue shall not apply to any claim that may arise if any final agency action pertaining to energy conservation standards represented by an Agency Action Document required by Paragraph 4 is vacated or withdrawn.

21.     Nothing in this Consent Decree shall be interpreted or construed as precluding any Plaintiff from participating in any of the rulemakings for the categories of consumer products and industrial equipment listed in Paragraph 4, including, but not limited to, submitting comments on proposed rules, participating in public meetings, and challenging pursuant to 42

U.S.C. §§ 6306 or 6316 any final agency action pertaining to energy conservation standards represented by an Agency Action Document required by Paragraph 4.

22.     Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any final agency action pertaining to energy conservation standards represented by an Agency Action Document signed and posted by DOE pursuant to this Consent Decree.

23.     Nothing in this Consent Decree shall be interpreted or construed as admitting any issue of fact or law, or limiting or waiving any claims, defenses, or arguments the Parties may have related to any final agency action pertaining to energy conservation standards represented by an Agency Action Document required by Paragraph 4 and taken by DOE pursuant to this Consent Decree.

24.     Upon the completion of DOE's obligations under Paragraph 4 and the publication of all subject final actions in the Federal Register, DOE may move to have this Consent Decree terminated. The Plaintiffs shall have 30 days in which to respond to such motion, unless the Parties stipulate to a longer time for Plaintiffs to respond.

25.     The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to entry of the Consent Decree is extended until 90 days after this Consent Decree is entered by the Court. Nothing in this Paragraph shall be construed as an admission or concession by DOE that either the Public Interest Plaintiffs or the State Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

26.     Public Interest Plaintiffs and State Plaintiffs reserve the right to seek additional costs of litigation, including attorneys' fees, incurred after the entry of this Consent Decree and arising from the need to enforce or defend against efforts to modify the Decree's terms or the schedule in Paragraph 4, or for any other unforeseen continuation of this action. DOE reserves

the right to oppose any such request. For purposes of this Paragraph, costs of litigation do not include costs or attorneys' fees associated with Public Interest Plaintiffs' or State Plaintiffs' participation in any administrative proceedings contemplated by this Consent Decree or participation in any petition to a court to review any final agency action pertaining to energy conservation standards represented by an Agency Action Document required by Paragraph 4 and completed pursuant to this Consent Decree.

27.     This Consent Decree constitutes the entire agreement among the Parties as to all claims raised by Plaintiffs in their respective complaints, and supersedes all prior agreements, representations, warranties, statements, promises, covenants, and understandings, whether oral or written, express or implied, with respect to the subject matter hereof. Except as expressly stated in this Consent Decree, nothing in this Consent Decree expands or contracts the rights of Plaintiff-Intervenors pursuant to the Intervention Stipulation, and the Parties reserve all arguments as to Plaintiff-Intervenors' constitutional, statutory, or prudential standing.

28.     The Parties expressly understand and agree that this Consent Decree was jointly drafted by the Parties, and that any and all rules of construction providing to the effect that an ambiguity in a document is to be construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

29.     Each of the undersigned representatives of the Parties certify that such individual is authorized by the Party to enter into this Consent Decree and to bind such Party to comply with the terms of this Consent Decree.

30.     This Consent Decree may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together constitute one and the same instrument, and photographic, facsimile, or digital copies of such signed counterparts may be used in lieu of the original. The execution of one counterpart by any Party shall have the same force and effect

as if that Party had signed all other counterparts.

31.     Any notice required or made with respect to this Consent Decree shall be in writing and effective upon receipt. Any notice required or made pursuant to this Consent Decree shall be sent via electronic mail or certified mail to the following contact persons:

        For Public Interest Plaintiffs:

        Jared Knicley
        Natural Resources Defense Council
        1152 15th Street NW, Suite 300
        Washington, DC 20005
        jknicley@nrdc.org

        Joseph Vukovich
        Natural Resources Defense Council
        1152 15th Street NW, Suite 300
        Washington, DC 20005
        jvukovich@nrdc.org

        Timothy Ballo
        Earthjustice
        1001 G Street NW, Suite 1000
        Washington, DC 20001
        tballo@earthjustice.org

        For State Plaintiffs:

        Lisa Kwong
        Office of the New York State
        Attorney General
        The Capitol
        Albany, New York 12224
        Lisa.Kwong@ag.ny.gov

        Timothy Hoffman
        Office of the New York State
        Attorney General
        The Capitol
        Albany, New York 12224
        Timothy.Hoffman@ag.ny.gov

For Plaintiff-Intervenors:

Kevin Ainsworth
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
666 Third Avenue
New York, NY 10017
+1.212.692.6745
KAinsworth@mintz.com

Jennifer Cleary
Association of Home Appliance Manufacturers
1111 19th Street NW, Suite 402
Washington, DC 20036
202.872.5955 x314
Jcleary@aham.org

Marie Carpizo
Air-Conditioning, Heating, and Refrigeration Institute
2311 Wilson Blvd., Suite 400
Arlington, VA 22201
703-600-0308
MCarpizo@ahrinet.org

For DOE:

Environmental Protection Unit
Attn: AUSA Anthony J. Sun
United States Attorney's Office
Southern District of New York
86 Chambers St., Third Floor
New York, NY 10007

A Party may alter contact persons or designate additional contact persons under this Paragraph

by written notice to the other Parties.

32.    Nothing in this Consent Decree shall be construed as making any person or entity

not executing this Consent Decree a third-party beneficiary to this Consent Decree.

33.    This Consent Decree shall become effective upon the date of its entry by the

Court. If for any reason the Court should decline to approve this Consent Decree in the form

presented, this agreement is voidable at the sole discretion of any Party and the terms of the

proposed Consent Decree may not be used as evidence in any litigation between the Parties.

16

The Clerk of Court is directed to (1) substitute Secretary Granholm for former Secretary Dan Brouillette as Defendant in both cases pursuant to Federal Rule of Civil Procedure 25(d); (2) consolidate 20-CV-9127 and 20-CV-9362 under 20-CV-9127; and (3) close both cases.  Any pending motions are moot.  All conferences are vacated.

**SO ORDERED** on this _____20____ day of _____September_____, 2022.

_____
JESSE M. FURMAN
United States District Judge

**For Natural Resources Defense Council and Public Citizen:**

/s/ Jared E. Knicley[2]
Jared E. Knicley, admitted *pro hac vice*
Joseph Vukovich, admitted *pro hac vice*
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 513-6242
jknicley@nrdc.org
jvukovich@nrdc.org

**For Center for Biological Diversity, Consumer Federation of America, Massachusetts Union of Public Housing Tenants, and Sierra Club:**

/s/ Timothy Ballo
Timothy Ballo, admitted *pro hac vice*
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
(202) 745-5209
tballo@earthjustice.org

**For the State of New York:**

LETITIA JAMES
Attorney General

/s/ Lisa S. Kwong
LISA S. KWONG
TIMOTHY HOFFMAN
Assistant Attorneys General
Office of the Attorney General

_____
[2] Pursuant to S.D.N.Y. ECF Rule 8.5(b), all parties have granted consent to electronically sign this consent decree.

Environmental Protection Bureau
The Capitol
Albany, New York 12224
Tel: 518-776-2422
Email: Lisa.Kwong@ag.ny.gov
Email: Timothy.Hoffman@ag.ny.gov

**For the State of California:**

ROB BONTA
Attorney General

/s/ David Zonana
DAVID ZONANA
Supervising Deputy Attorney
General
SOMERSET PERRY
Deputy Attorney General
Office of the Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612
Tel: (510) 879-1248
Email: David.Zonana@doj.ca.gov

**For the State of Colorado:**

PHILIP J. WEISER
Attorney General

/s/ Eric R. Olson
ERIC R. OLSON
Solicitor General
Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Tel: (720) 508-6562
Email: eric.olson@coag.gov

**For the State of Connecticut:**

WILLIAM TONG
Attorney General

/s/ Matthew I. Levine

18

MATTHEW I. LEVINE
Deputy Associate Attorney
General
State of Connecticut
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5250
Email: Matthew.Levine@ct.gov

**For the District of Columbia:**

KARL A. RACINE
Attorney General

/s/ Brian Caldwell
BRIAN CALDWELL
Assistant Attorney General
Social Justice Section
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, DC  20001
Tel: (202) 445-1952 (mobile)
Email: brian.caldwell@dc.gov

**For the State of Illinois:**

KWAME RAOUL
Attorney General

/s/ Jason E. James
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Div.
Office of the Attorney General
201 West Pointe Drive, Suite 7
Belleville, IL 62226
Tel: (872) 276-3583
Email: Jason.james@ilag.gov

**For the State of Maine:**

AARON M. FREY
Attorney General of Maine

/s/ Jonathan R. Bolton
JONATHAN R. BOLTON
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME  04333
Tel: (207) 626-8800
Email: jonathan.bolton@maine.gov

**For the State of Maryland:**

BRIAN E. FROSH
Attorney General

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD  21202
Tel: (410) 576-6414
Email: sgoldstein@oag.state.md.us

**For the Commonwealth of Massachusetts:**

MAURA HEALEY
Attorney General

/s/ I. Andrew Goldberg
I. ANDREW GOLDBERG
Assistant Attorney General

Environmental Protection Division
ASHLEY GAGNON
Assistant Attorney General
Energy and Telecommunications Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel: (617) 963-2429

20

Email: andy.goldberg@mass.gov

**For the People of the State of Michigan:**

DANA NESSEL
Attorney General

/s/ Neil Giovanatti
NEIL GIOVANATTI
Assistant Attorney General
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov

**For the State of Minnesota**:

KEITH ELLISON
Attorney General

/s/ Peter Surdo
PETER N. SURDO
Special Assistant Attorney General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Tel: (651) 757-1061
Email: peter.surdo@ag.state.mn.us
*admission pro hac vice pending

**For the Commonwealth of Pennsylvania:**

JOSH SHAPIRO
Attorney General

/s/ Ann Johnston
ANN JOHNSTON
Senior Deputy Attorney General
Impact Litigation Section
Pennsylvania Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103

Tel: (267) 374-2787
Email: ajohnston@attorneygeneral.gov

**For the State of Nevada:**

AARON D. FORD
Attorney General

/s/ Heidi Parry Stern
HEIDI PARRY STERN
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Tel: (702) 486-3594
Email: HStern@ag.nv.gov

**For the State of New Jersey:**

MATTHEW J. PLATKIN
Acting Attorney General

/s/ Gwen Farley
GWEN FARLEY
Deputy Attorney General
25 Market Street, P.O. Box 093
Trenton, NJ  08625-0093
Tel: (609) 376-2761
Email: gwen.farley@law.njoag.gov

**For the State of New Mexico:**

HECTOR BALDERAS
Attorney General

/s/ William Grantham
WILLIAM GRANTHAM
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, New Mexico 87102
Tel: (505) 717-3520
Email: wgrantham@nmag.gov

**For the State of Oregon:**

    ELLEN F. ROSENBLUM
    Attorney General

    /s/ Paul A. Garrahan
    PAUL A. GARRAHAN
    Attorney-in-Charge
    Steve Novick
    Special Assistant Attorney General
    Natural Resources Section
    Oregon Department of Justice
    1162 Court Street NE
    Salem, OR  97301
    Tel: (503) 947-4593
    Email: Paul.Garrahan@doj.state.or.us
    Email: Steve.Novick@doj.state.or.us

**For the State of Vermont:**

    SUSANNE R. YOUNG
    Attorney General

    /s/ Eleanor L.P. Spottswood
    ELEANOR L.P. SPOTTSWOOD
    Solicitor General
    Office of the Attorney General of Vermont
    109 State Street
    Montpelier, VT  05609
    Tel: (802) 793-1646
    Email: Eleanor.spottswood@vermont.gov

**For the State of Washington:**

    ROBERT W. FERGUSON
    Attorney General

    /s/ Stephen Scheele
    STEPHEN SCHEELE
    Assistant Attorney General
    Washington State Office of Attorney General
    P.O. Box 40109
    Olympia, WA 98504
    Tel: (360) 586-4900

Email: Steve.Scheele@atg.wa.gov

**For the City of New York:**

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel

/s/ Hilary Meltzer
HILARY MELTZER
Chief, Environmental Law Division
New York City Law Department
100 Church Street
New York, NY 10007
Tel: (212) 356-2070
Email: hmeltzer@law.nyc.gov

**For the Association of Home Appliance Manufacturers:**

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

/s/ Kevin N. Ainsworth
By: Kevin N. Ainsworth
666 Third Avenue
New York, New York 10017
Tel: 212.692.6745
Email: kainsworth@mintz.com

**For the Air-Conditioning, Heating & Refrigeration Institute:**

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

/s/ Kevin N. Ainsworth
By: Kevin N. Ainsworth
666 Third Avenue
New York, New York 10017
Tel: 212.692.6745
Email: kainsworth@mintz.com

**For DOE:**

> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York

By:    s/ Anthony J. Sun
> ANTHONY J. SUN
> Assistant United States Attorney
> Telephone: (212) 637-2810
> Fax: (212) 637-2786
> Email: anthony.sun@usdoj.gov